FLORENCE V. COWDERY, a widow, FLORENCE LOUISE COWDERY, a single woman, and EVELYN COWDERY MURPHY, an unmarried woman, *Appellants*, vs. D. N. HERRING, *Appellee*.

143 So. 433.

En Banc.

Opinion filed August 24, 1932.

Petition for rehearing denied October 3, 1932.

*Edwards & Marchant*, for Appellants;

*R. H. Amidon* and *Johnson, Bosarge & Allen*, for Appellee.

DAVIS, J.—In this case it was shown that the appellant, Florence V. Cowdery, was a widow; that she resided on certain property in the city of Lakeland, as her homestead; that she was the head of a family consisting of a daughter

who lived with her; that the property on which they resided had been the family homestead for over forty years; that the only means of support Mrs. Cowdery had at the time of the institution of the litigation in the court below, was revenue derived from renting out certain parts of the homestead property comprising certain buildings she had erected thereon; that the portion of the homestead property rented out consisted of a certain commercial garage and storage building which had been erected on the homestead land, which was located in the city of Lakeland and less than one-half acre in area; that there was also another smaller building in a corner of the homestead lot from which Mrs. Cowdery received rents; that neither the garage nor the smaller building had ever been personally used by Mrs. Cowdery as a part of her own business or residence, unless renting the same and using the rents as a means of livelihood might be so construed; and that Mrs. Cowdery, in order to defeat a judgment obtained against her by the appellee, had conveyed all of her real property including her homestead, to her two adult daughters, Florence Louise Cowdery, a single woman, and Evelyn Cowdery Murphy, a married woman.

The Chancellor in his final decree found that all of Lot "E" and the South 32 feet of Lot "D" of Block 17, of Munn's Survey of Lakeland, was the homestead property of the defendant, Florence V. Cowdery, a widow, and that she was entitled to a homestead exemption therein, being the head of a family residing in this State.

But the Court further found that there had been erected on the northwest corner of the property a two-story garage building, which had been customarily rented out by Mrs. Cowdery, ever since its construction, and that it had never been used as her own personal business place or residence, and likewise found that there had been for many years on the southwest corner of lot E aforesaid, a small one-story

structure, which had in the past been rented to the public by the defendant, as a paint shop, and that it was not in anywise being used by the defendant as part of her residence or business house.

Holding that the land occupied by the two structures last mentioned had been dedicated by the homestead claimant for business purposes, not consistent with the constitutional exemption privilege, the Court declared subject to execution and sale, that part of the homestead property upon which was located the said garage and the said paint shop. A diagram showing the respective locations of each of these structures, as deduced from the record, would be as follows:

E

MASS. AVE.

| | 32 ft. | 82 ft. | |
|---|---|---|---|
| LOT D<br><br>122 feet | HOME<br>122<br>65 | STEAD LOT<br>x 114 feet<br>feet | |
| | GARA | GE | 37 ft. | PAINT<br>SHOP |
| ALLEY | | ← FEET → | |

E. LEMON ST. — N — S

W

The evidence shows that the entire tract of land originally became homestead property in 1890 and had been Mrs. Cowdery's permanent home since that time; that the business structures found by the court to constitute a "dedication" to business uses which destroyed the homestead character, were of apparently recent construction prior to the

suit brought to subject them to appellee's judgment and execution. The garage was constructed of brick, two-story, with two entrances. It was used for storage and as a repair shop. The paint shop was a corrugated one-story frame building, which Mrs. Cowdery testified had been originally built as a private garage for her home.

Section 1 of Article X of the Constitution provides that:

". . . The exemptions herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner."

and in the case of Smith v. Guckenheimer, 42 Fla. 1, 27 Sou. Rep. 900, it was said of this provision that:

"When a homesteader placed upon the exempt half acre improvements or buildings detached from and other than the residence and business house, or when improvements are so placed that they constitute separate improvements from the residence or business house, they together with the lands supporting them, become subject to execution and sale."

It was also held in Jordan v. Jordan, 100 Fla. 1586, 132 Sou. Rep. 466, that:

"Only such buildings upon the urban homestead as constitute the actual residence and business house of the owner are impressed with the exemption provided by the Constitution. It is withheld from other buildings or other improvements which do not constitute the residence and business house."

So the question to be decided in this case with reference to the claim of exemption to the garage and paint shop, hereinbefore referred to, is whether or not such structures constitute "more improvements or buildings than the residence and business house of the owner." "Mrs. Cowdery."

Stated another way, the question is: "Where the owner of property is a widow, without trade or profession or other means of support, and is residing on urban property which would otherwise be her constitutional homestead in

its entirety, does the renting out per se of certain portions of her homestead property, consisting of a garage and separate structure used as a paint shop by the renter, for the purpose of using the rents as a means of livelihood and support for the homestead owner, cause the rented portions and the lands upon which the rented structures stand, to lose their identity and character as exempt homestead property under the provisions of the Constitution and the adjudicated cases to which we have heretofore made reference?''

In Hill v. First National Bank of Marianna, 75 Fla. 391 84 Sou. Rep. 190 it was held that the homestead right under the constitution is not limited to a mere holding of the legal title to the exempt property from forced sale but that it is contemplated that there shall be a *beneficial,* peaceful and uninterrupted use and enjoyment of such property, the policy of the law being to preserve the home for the family *and to protect the family from destitution and want.*

Neither the brick garage, nor the corrugated frame structure used as a paint shop, while shown to be improvements on urban homestead property, were shown by the evidence to have been so placed, under the circumstances of this case, that they per se constituted separate improvements on the homestead from the owner's residence and business house.

The term ''business house'' is not defined in the Constitution relating to urban homestead exemptions, but it is plain that the intendment is to preserve as exempt, a reasonable portion of the homestead improvements, in addition to the owner's actual residence, when it appears that the improvements concerned *are being used as a means of making the owner's livelihood.*

Here the garage and paint shop in effect constitute a portion of the widowed homesteader's ''business house''

under the circumstances, because it was not already shown that the widow, upon whose homestead land these rented structures were located, had any other real "business house." On the other hand it was shown that Mrs. Cowdery depended principally upon the rents from these structures as her means of living.

The whole property admittedly acquired in the first instance a status as exempt homestead property many years before this suit was filed. Appellee's right to now subject it to his judgment, must rest upon the sufficiency of his showing that the structures represented by the garage and the paint shop, have been in effect abandoned as parts of the exempt homestead by their being rented for income producing purposes to support the homestead owner, so as to bring them within the rule laid down in Smith vs. Guckenheimer, supra. See third head-note in Clark vs. Cox, 80 Fla. 63, 85 Sou. Rep. 173.

A majority of the Court have reached the conclusion that it has not been sufficiently shown by the attempted proof, that the garage and paint shop situated on the otherwise admittedly exempt homestead land, have been by the owner in this particular case so placed or used by her, that they should be held to constitute separate improvements distinct from the exempt residence and permissively exempt "business house" of Mrs. Cowdery. Therefore, there is error in the decree appealed from, insofar as the decree has ordered the garage and paint shop held subject to levy and sale under appellee's judgment and execution. Otherwise, the decree appealed from appears to be correct and should be affirmed.

The bill in the instant case was properly treated by the Chancellor as one having for its real purpose the setting aside of fraudulent conveyances as a hindrance to execution, instead of a true creditor's bill to reach equitable assets. Therefore, the demurrer to it was properly overruled,

as not being controlled by Sebring vs. O'Rourke, 101 Fla. 885, 134 So. 556.

The recognized rule is, that where property is transferred by a debtor for the purpose of placing it beyond the reach of his creditors, the defrauded creditor may pursue any one of three available remedies: (1) place his demand in judgment, levy upon the property alleged to have been fraudulently conveyed, and thereafter cause the same to be sold under execution, leaving the purchaser at the sale to contest the validity of the title: (2) bring a suit in equity against the grantor and grantee to remove the alleged fraudulent conveyance as an obstruction to the full enforcement of his judgment lien, and await the result of such suit before selling the property, since equity will not require the creditor to sell a doubtful or obstructed title at law, but will set aside the conveyance and remove the obstruction to a fair sale; or (3) he may bring an action in the nature of a creditor's bill to reach equitable assets or any conveyance adjudged fraudulent and void as to his judgment, and have such property sold and the proceeds applied to the satisfaction of his claim, as where land is bought by the debtor and title taken in the name of another. In short, the choice before the creditor is either to bring an action in equity to set aside the conveyance and subject equitable assets, or to levy upon the property and have it sold, or to adopt a combination of the two methods. See 12 R. C. L. 615-619, sec. 126 and authorities there cited; McClelland vs. Solomon, 23 Fla. 437, 2 So. 825, 11 A. S. R. 381.

The decree appealed from is affirmed in part and reversed in part and the cause remanded with direction to enter a decree amended in such manner as will conform to this opinion.

BUFORD, C.J., AND WHITFIELD,                    TERRELL,
                J.J., concur.

ON EXTRAORDINARY PETITION FOR A REHEARING.
Division B.
Opinion filed November 17, 1932.

PER CURIAM.—By an opinion herein filed August 24, 1932, the decree of the Court below was in part reversed. The reversal applied to certain property involved which this court held should have been decreed by the Court below to have been a part of the homestead of Florence V. Cowdery, as exempt from execution under the homestead laws of this state.

The language of Section 1 of Article X of the Constitution is that the exemption of one-half acre within the limits of any incorporated city *"shall not extend to more* improvements or buildings than the residence and business house of the owner; and no judgment or decree shall be a lien upon exempted property except as provided in this article."

That the land involved and held exempt was the homestead and that it did not exceed one-half acre is admitted. The burden was accordingly upon the judgment creditor to show clearly by competent proof that there was *"more* improvements or buildings" on the exempt land than "the residence and business house" of the owner, Mrs. Cowdery.

The only testimony on this point was that there was located on the exempt land a dwelling house, a two-story brick garage used to store the owner's car, although rented for the most part, a little flower shop in which Mrs. Cowdery conducted a flower business, and a frame construction building originally built for a garage, but in which *space* was rented for a sign painting business, although part of it was used for storage of flower pots. It was shown that the water for this paint shop was being obtained from the owner's residence, because the paint shop was so constructed as to have no separate water connection of its own. The place had been, without contradiction, the home of Mrs. Cowdery for forty years. The fact that in order

to pay her debts, part of the rents realized from parts of her homestead had been assigned to her creditors to discharge a particular debt, did not deprive the rented properties of their characteristic as part of the homestead, since the test of the constitution is whether or not there was located *on* the exempt land "more" than the business house and residence of the owner. As to this, we have held that under the circumstances shown in the present record, there was not.

We gather from the extraordinary petition for rehearing that has been filed, that facts may exist with respect to the property which are not clearly shown in the present record.

If that be true, opportunity may be given by the Chancellor on remand of the cause, to re-open the case and present further testimony before the final decree is amended to conform to the direction contained in our original opinion, which was to make such decree conform to the principles of law that we have decided should have been applied and for which we reversed the decree.

The extraordinary petition for re-hearing is denied but with leave to the Chancellor to permit such further proceedings to be had upon remand of the cause as will conform to equity and justice and the opinion we have heretofore rendered herein.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.