TERRELL, Justice.
Ora A. Glunt, resident of St. Petersburg', Florida, died intestate January 3, 1955, and left surviving his wife and two adult sons by a former marriage, residents of a foreign state. At the time of his death, Glunt was head of the family consisting of himself and wife; he was seized of an improved parcel of land, less than one-half acre within the corporate limits of St. Petersburg which was occupied and used as the family home. In addition to the home there was located to the rear of the land in question a small one-story cottage and a two-story garage apartment, both separate and detached from the residence and used for rental purposes.
Mrs. Glunt seasonably filed in the appropriate Probate Court her election to take her dower or the statutory share accorded her from her late husband’s estate. The question then arose as to limitation of the homestead. The Probate Court ordered the administrator, appellant here, to bring suit for declaratory decree and thereby determine the status of or that portion of the property so described that should be set aside as the homestead. At final hearing the chancellor found that the said lands described as Lot 14, Cherokee Subdivision, as recorded in Plat Book 1, Page 8, public records of Pinellas County, Florida, “including the rental units on the rear of said lot,” constituted the homestead. This appeal is from the final decree so entered.
The point for determination is whether the homestead embraced the entire lot as above described with the two outbuildings or should it be limited to the residence and that part of the realty reasonably adjacent to or associated with it.
Section 1, Article X of the State Constitution, F.S.A., pertinent to this case, provides that a “homestead to the extent 0f * * * half of .one acre within the limits of' any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, * * *. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; * *
In declaring the homestead to include the entire parcel of land with the cottage and two-story garage apartment, the chancellor relied on Cowdery v. Herring, 106 Fla. 567, 143 So. 433, 144 So. 348. Appellant contends that the point is ruled by McEwen v. Larson, 136 Fla. 1, 185 So. 866. In McEwen v. Larson the head of the family erected an apartment house for rental purposes on a severable part of the homestead, 72.8 feet of the lot on which it was located embracing the homestead. That part of the lot was accordingly abandoned as homestead. We have examined O’Neal v. Miller, 143 Fla. 171, 196 So. 478, 129 A.L.R. 295; Jordan v. Jordan, 100 Fla. 1586, 132 So. 466, and other cases cited by appellant but we do not think they rule the case at bar.
We think the chancellor correctly held that the case at bar was ruled by Cowdery v. Herring, supra. Since the homestead was within the limits of a city or town, the real point with which we are confronted is whether or not the improvements on the land in question amounted to more than the “residence and business house of the owner” ? What constitutes the “residence and business house” of the owner is not defined in the Constitution but in Cowdery v. Herring, supra [106 Fla. 567, 143 So. 435], we said that the intent of this language was to “preserve as exempt a reasonable portion of the homestead improvements, in addition to the owner’s actual residence, when it appears that the improvements concerned are being used as a means of making the owner’s livelihood.” One’s business, trade, craft or other means by which he made his living might have much to do with determining what constituted his “residence and business house”.
As heretofore pointed out, the improvements consisted of a small cottage and two-story garage apartment. It would not be unreasonable to hold that the two- *879 story garage apartment was a part of the homestead. It is a matter of common knowledge that garage apartments are frequently placed adjacent to the home for rental as well as utility purposes. From the record, the one-story cottage was a one room affair, 12 feet wide and 26 feet long. Its only purpose or design was to produce a small rental or contribution “as a means of making the owner’s livelihood.” “Residence and business house of the owner” and employed “as a means of making the owner’s livelihood” are flexible clauses that should be construed reasonably to effectuate their purpose depending on the trade, craft or occupation one pursues to make a living.
It follows that the judgment appealed from must be and is hereby
Affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.