THORNAL, Justice.
Appellants Perry, who were plaintiffs below, seek reversal of an amended final decree entered by the Chancellor following the filing of the mandate pursuant to the prior decision of this court between the same parties. Perry v. Beckerman, Fla.1957, 97 So.2d 860.
The point to be determined by this appeal is the correctness of the ruling of the Chancellor allotting certain property as the homestead of appellants and the distribution of funds in the hands of a receiver who had held custody of the property pending the litigation.
In our prior opinion in Perry v. Becker-man, supra, we summarized many of the facts pertinent to the litigation. Reference should be had to that opinion for a statement of the factual situation that produced the problem. It may be pertinent to add that at the time the appellants-Perry executed the note and mortgage to Shargaa, the parcel of land in dispute was occupied by one small building known as the “Times Square Bar” where the appellants also resided. In addition there was a dilapidated seven-room house which had been moved onto the land. This building was on the verge of being condemned by municipal authorities because of its condition. From this building the Perrys derived some rental *186 income. There was also a small building, occupied by an establishment known as “Blue Moon Grill” from which the Perrys derived some rental. Their entire income consisted of these rentals and the profit from operating “Times Square Bar.” Pursuant to the arrangement between the Perrys and the appellees Beckerman and Halzband, the appellees made repairs to the Times Square Bar, demolished the dilapidated house, replaced it with a concrete block building, made some repairs to the Blue Moon Grill, and across the back of the parcel which previously was unoccupied, they constructed the ten-room motel.
By their complaint the Perrys alleged that the entire parcel was owned and held by them as their homestead. They assaulted the mortgage originally delivered to Shargaa on one ground, among others, that it was not executed with the required formalities essential to establish an enforceable mortgage against homestead property.
By their answer the appellees denied that the property was homestead and counterclaimed to enforce the mortgage.
On motions for summary judgments the appellants supported their claim of homestead with appropriate affidavits.
After hearing the matter, the Chancellor decreed that the mortgage relied upon by appellees in their counterclaim was unenforceable. It should be noted that it was held that the mortgage in its entirety was unenforceable against the entire parcel. In our first consideration of this cause we had the view that implicit in this holding of the Chancellor was a finding that at the time of the execution of the mortgage the entire parcel owned by the appellants constituted their homestead and business house. This view of the record was sustained by the position of the appellees in the former appeal when they contended by cross-appeal that the Chancellor committed error in holding the mortgage unenforceable. By our former opinion we resolved the issue in favor of the appellants and against the appellees.
When the case was returned to the trial court, the appellees petitioned the Chancellor to divide the property and allocate the portion which he then considered to be the homestead of the appellants and decree the remainder to be subject to the general judgment on the promissory note described in our former opinion. The ap-pellees as well as the Chancellor appeared to be of the view that neither the original final decree nor our prior opinion determined the extent of the homestead interest of the appellants Perry. In this conclusion we are compelled to hold that they were in error. When the case was remanded to the trial court by our former decision, it had then been determined that the entire parcel of the Perry property constituted a homestead and business house when the mortgage was executed and the improvement of the property begun by the appellees. We now repeat the view that an analysis of the record presented to us by the first appeal sustained the conclusion which we there reached and which we here repeat. We think also that this conclusion is sustained by the decisions of this court in Cowdery v. Herring, 106 Fla. 567, 143 So. 433, 144 So. 348; and Union Trust Company v. Glunt, Fla. 1956, 85 So.2d 877.
For the benefit of the parties and the Chancellor we summarize the holdings of our former opinion as follows:
(1) All of the Perry property constituted their homestead and exempt business house when the Shargaa mortgage was executed and therefore that mortgage was not enforceable against it because of the defects ixr its execution.
(2) The general judgment on the promissory note was affirmed subject to the express limitation that this judgment as such was not enforceable against the homestead of the appellants for the reasons stated in our opinion.
*187 (3) The appellees were authorized to amend their counterclaim if they so desired, in order to assert any rights that they might have under the construction contract as such for improvements to the homestead realty and to enforce such rights when adjudicated against the entire liomestead parcel. In this event the claim •asserted by the appellees under the con•struction contract would he subject to the •alleged defenses against the counterclaim based on the asserted failure of the appel-lees to construct the improvements in ac■cordance with specifications. Other limitations on this claim were also announced in ■our former opinion.
(4) The receiver was held to have been improperly appointed and any fees allowed the receiver were held not chargeable against the property or its income.
By the amended final decree now under •assault the Chancellor undertook to divide the homestead property limiting its homestead character to the one building described as the “Times Square Bar,” with a reasonable surrounding area. He held that the entire balance of the property was subject to the general judgment on the promissory note. This is the judgment which we have held was not enforceable against the homestead. The receiver was ordered to return to the appellants the amount which they had paid to him as rent for occupying the “Times Square Bar” building during the receivership and the balance was ordered to be turned over to •appellees as a credit against the general judgment on the note which by the time of the decree had grown to $52,746.39 by virtue of accrued interest. The appellees were ordered to pay the fees of the receiver.
We hold that for the purposes of •this litigation the entire parcel of land involved was the homestead and business house of the appellants and was not subject to the judgment on the note. The receiver having been appointed erroneously, the ap-pellees were not entitled to any part of the income which accrued during the receivership. Disbursements from this fund to cover items essential to the preservation of the property and which would have accrued regardless of the receivership, such as taxes and necessary upkeep and the like, are allowable disbursements out of the fund which the receiver accrued. The balance of this fund belongs to the appellants and should be disbursed to them because ' they were legally entitled to the custody and control of their property pending the litigation. They had been erroneously deprived of such custody and control by the erroneous appointment of the receiver. The fund should be disbursed in accord with the governing principles announced by this court in Jackson v. H. M. Wade Mfg. Co., Inc., 105 Fla. 560, 142 So. 228. See also Clark on The Law of Receivers (1918 Ed.) Vol. 1, Sec. 850.
We point out again as we did in our former opinion that when the cause is returned to the lower court it shall be without prejudice to the appellees to amend their counterclaim if so advised in order to assert any rights they might have under the construction contract, supplemented by the construction agreement between themselves and the appellants.
The decree is reversed and the cause is remanded for further proceedings consistent herewith.
Reversed.
TERRELL, C. J., and THOMAS, HOB-SON and DREW, JJ., concur.