## In re HELLMAN'S ESTATE.
No. 69448.

County Judges' Court, Dade County.
May 3, 1966.

Richard & Nelson, Miami Beach, for the executor.

Myron B. Berman, Miami, for the guardian of the person and property of Sarah Hellman.

Leonard Rivkind, Miami Beach, for Heart Association of Greater Miami, Inc.

Worley, Gautier & Patterson, Miami, for American Cancer Society.

Brunstetter & Pepper, South Miami, for National Foundation-March of Dimes.

GEORGE T. CLARK, County Judge.

This matter is before the court upon the petition of Stanley B. Richard, as executor of this estate, for the determination of the

status of property with regard to homestead, and the answers to said petition of the residuary beneficiaries, Heart Association of Greater Miami, Inc., the National Foundation-March of Dimes, and American Cancer Society, and the answer of Sam Siegel as guardian of the person and property of Sarah Hellman, widow of Eze Hellman. The executor assumed a neutral position. The answers of the residuary beneficiaries are supported by briefs contending that only a part of the property should be considered homestead. The guardian of Sarah Hellman in his answer and brief contends that the entire parcel is homestead.

There is no dispute as to the facts. The principal asset of this estate is a parcel of real estate described as follows — lot 2 in block 2 of Buena Vista Estates, according to the plat thereof recorded in plat book 4 at page 191 of the public records of Dade County, Florida, known and described as 532 N. W. 35th Street, Miami, Florida. This is an inside lot fronting 50 feet on N. W. 35th Street with a depth of 143.1 feet. It is improved by a two story 8 unit apartment building, 35 feet by 64 feet, situated 19 feet from the front line of the property. There are four apartments on each floor and the building is bisected by a hallway on each floor. On the rear of the lot is a two story 2 unit building and a one story garage. The executor submitted a survey sketch of the property, which was filed in evidence and is marked "executor's exhibit no. 1".

The title to the property was in the name of Eze Hellman alone. He and his wife had occupied one of the first story front apartments for many years until, because of her health, she was removed to a nursing home a short time before his death. All of the remaining apartment units were for rental purposes and the rental from those apartments were Eze Hellman's principal source of income. There is no doubt that Eze Hellman was the head of a household at the time of his death and that Sarah Hellman was his dependent. It is conceded that at least a part of the property was the homestead of Eze Hellman. The point in dispute is whether the "perpendicular line" theory should be applied so as to divide the apartment house into two parts and to cut off the separate building on the rear of the property. The residuary beneficiaries' contention is that only half of the apartment building and the necessary adjacent land has a homestead status.

The cases determining homestead status in Florida are in conflict, although generally the appellate courts have attempted to distinguish them. It is my conclusion, after reviewing all of the cases cited, that under article X, section 1 of the constitution of Florida, the subject property constituted the "residence and business house" of Eze Hellman and that there can be no division of this property, and that the entire parcel was the homestead of Eze Hellman.

The division of the property as proposed by the residuary beneficiaries would set off a small parcel of real estate which would be unusable under current zoning regulations. To cut off the separate building in the rear would result in a small unusable and inaccessible parcel.

Also, the court finds that the property, other than that used as his residence, constituted his business house because it was his principal source of income. The conclusions reached herein are directly supported by the following decisions by appellate courts of Florida — White v. Posick ,150 So.2d 263 (1963), Union Trust Co. v. Glunt, 85 So.2d 877 (1956), and Cowdery v. Herring, 143 So. 433 (1932). The Florida cases which appear to be in conflict with this decision are distinguishable upon the facts of the particular cases. It is significant that the perpendicular line theory was applied in Lockhart v. Sasser, 22 So.2d 763 (1945), and Brodgon v. McBride, 75 So.2d 770 (1954), to hold that the property in each case was entirely homestead and not severable.

It is therefore ordered and adjudged that all of the parcel of real estate above described, together with all improvements thereon, and personal property of a value of $1,000, was the homestead of Eze Hellman at the time of his death; that said property was not subject to testamentary disposition; and that it descends in accordance with the applicable Florida statutes.