Mr. Thomas V. Infantino City Attorney City of Inverness 405A Courthouse Square Inverness, Florida 32650
Dear Mr. Infantino:
This is in response to your request for an opinion on substantially the following question:
 WHETHER A LIEN CREATED PURSUANT TO s 162.09, F.S., IS ENFORCEABLE AGAINST HOMESTEAD PROPERTY.
You state that the City of Inverness is considering the adoption of an ordinance creating a code enforcement board pursuant to Ch.162, F.S., and that questions have arisen as to the ability of the city through its code enforcement board to enforce orders it may enter against a parcel of property which enjoys the protective umbrella of the homestead exemption where `an administrative fine imposed by the Board is uncollectable by conventional means such as execution and levy, garnishment, attachment, etc.' You further state the question presented as whether a lien imposed pursuant to s 162.09, F.S., `rises to the status of liens imposed for taxes or assessments, or . . . merely place[s] the code enforcement board in the shoes of any other judgment creditor.' This opinion is therefore expressly limited to a consideration of the issue as framed by your inquiry and concerns only the status of liens created pursuant to s 162.09, F.S.
Chapter 162, F.S., authorizes local governing bodies to create an `administrative' code enforcement board `to provide an equitable, expeditious, effective, and inexpensive method of enforcing the technical codes in force in counties and municipalities, including, but not limited to, occupational license, fire, building, zoning, and sign codes.' See, s 162.02, F.S. The code enforcement board is empowered to hold hearings when a violation of an applicable code continues beyond the time specified by the code inspector for correction. See, ss 162.06 and 162.07, F.S. The board further has the power to `[i]ssue orders having the force of law to command whatever steps are necessary to bring a violation into compliance.' Section 162.08, F.S. See also, AGO 84-55 (Chapter 162 authorizes creation of quasi-judicial administrative boards for purposes of administrative enforcement procedures and imposition of administrative fines); AGO 85-17. Section 162.09, F.S., provides as follows:
 Administrative fines; liens. — The enforcement board, upon notification by the code inspector that a previous order of the enforcement board has not been complied with by the set time, may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance. A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists or, if the violator does not own the land, upon any other real or personal property owned by the violator; and it may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but shall not be deemed to be a court judgment except for enforcement purposes. After 1 year from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien. (e.s.)
Section 4(a), Art. X, State Const., provides as follows:
 There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
 (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
(2) personal property to the value of one thousand dollars.
(e.s.)
This exempting language is broad and comprehensive, clear and specific. Graham v. Azar, 204 So.2d 193 (Fla. 1967). When considering this section the courts have consistently held that this exemption provision should be liberally construed, Graham v. Azar, supra; Olesky v. Nicholas, 82 So.2d 510 (Fla. 1955), while exceptions to the exemptions should be strictly construed. Graham v. Azar, supra; Wilhelm v. Locklar, 35 So. 6 (Fla. 1903). The Florida constitutional exemption of homesteads protects the homestead against every type of claim and judgment except those specifically mentioned in the constitutional provision itself. Olesky v. Nicholas, supra. But see, Jones v. Carpenter,106 So. 127 (Fla. 1925), holding that the homestead exemption cannot be employed as a shield and defense after fraudulently imposing on others where the facts showed embezzled funds were used to make improvements to the embezzler's homestead property. Cf., Op. Atty. Gen., August 7, 1940, Biennial Report of the Attorney General, 1939-1940, p. 521 (homestead property subject to forced sale in payment of excise tax on whiskey, citing to statutory language establishing such payment as an excise tax collectible as any excise tax imposed by the state and noting that the constitutional homestead exemption was never intended to be used as a cloak for such `reprehensible activities'). However, the prohibition of the constitutional provision is a prohibition against the use of process to force a sale of homestead property and does not invalidate the debt or the lien but rather takes priority over the debt or lien. Milton v. Milton, 58 So. 718 (Fla. 1912); Point East One Condominium Corporation, Inc. v. Point East Developers, Inc.,348 So.2d 32 (3 D.C.A. Fla., 1977).
Therefore, the issue as presented by your inquiry is whether a lien created pursuant to s 162.09, F.S., is within a strict construction of the constitutional provision excepting liens `for the payment of taxes and assessments' from the homestead exemption from forced sale. A `tax' is a forced burden or charge, an imposition or contribution assessed by some reasonable rule of apportionment on persons or property. Atlantic Coast Line R. Co. v. City of Lakeland, 115 So. 669 (Fla. 1927); Hiers v. Mitchell,116 So. 81 (Fla. 1928). A `tax' has been further defined as a charge on persons or property to raise money for public purposes, or the payment of public expenses in support of governmental activities. Smith v. Lummus, 6 So.2d 625 (Fla. 1942); Flood v. State ex rel. Homeland Co., 117 So. 385 (Fla. 1928). A special or local assessment for public improvements is a charge against particular property with reference to the peculiar and specific benefit to such property by reason of the improvements. Atlantic Coast Line R. Co. v. City of Gainesville, 91 So. 118, 122 (Fla. 1922). An assessment should not exceed the benefits accruing to the properties improved. City of Treasure Island v. Strong,215 So.2d 473 (Fla. 1968).
Section 162.09, F.S., authorizes a duly created code enforcement board to `order [a] violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance.' The title to the section indicates that such fine is an `administrative fine,' and the statutory language itself states that an unpaid fine shall constitute a lien enforceable `in the same manner as a court judgment' which may be foreclosed upon after one year from the filing of such lien. The statute does not specify that such fine shall be collectible as a tax, cf., Op. Atty. Gen., August 7, 1940, Biennial Report of the Attorney General, 1939-1940, nor does it appear that such fine is an imposition or contribution assessed by some reasonable rule of apportionment on persons or property, or that such fine is a charge against particular property with reference to any peculiar and specific benefit to such property by reason of some public improvement. Moreover, it would not appear that the imposition of such fine could be said to fall within the rule of Jones v. Carpenter, supra, in which the facts of the case led the court to conclude that the constitutional exemption of homestead from forced sale could not be used as a shield and defense after fraudulent imposition on creditors. Thus, in the absence of any judicial precedent on this matter, I am of the view that such fine is not a tax or assessment within the meaning of the pertinent strictly construed exception to the otherwise liberally construed constitutional rule of homestead exemption from forced sale, that a lien created pursuant to s 162.09, F.S. is not enforceable against homestead property by foreclosure of such lien where the owner of such property successfully asserts the property's homestead status as a defense to foreclosure or by way of petition to a court of competent jurisdiction to enjoin a forced sale, see, ss 222.01, 222.02, 222.08 and 222.09, F.S., and that a code enforcement board stands in the shoes of any other judgment creditor with respect to forcing a sale of homestead property pursuant to foreclosure.
In sum, then, and unless and until judicially determined otherwise, it is my opinion that a lien created by s 162.09, F.S., is not enforceable against homestead property by foreclosure of such lien where the owner of such property successfully asserts the property's homestead status as a defense to foreclosure or by way of petition to a court of competent jurisdiction to enjoin a forced sale, and that a code enforcement board stands in the shoes of any other judgment creditor with respect to forcing a sale of homestead property pursuant to foreclosure, since a lien created pursuant to s 162.09 is neither a `tax' nor an `assessment' within the strictly construed exceptions to the liberally construed constitutional rule of homestead exemption from forced sale.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General