**In re Lee POPEK, Debtor.**

**Bankruptcy No. 95–22253–BKC–RBR.**

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Nov. 9, 1995.

Robert C. Meyer, Coral Gables, FL, for debtor.

Kenneth Welt, Trustee, Hollywood, FL.

Neil Linden, Coral Gables, FL.

Alfred Ezekial, Miami, FL, for Interocean Free Zone, Inc.

*MEMORANDUM ORDER DENYING CREDITOR'S OBJECTION TO DEBTOR'S HOMESTEAD EXEMP- TION*

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court for hearing on October 3, 1995 upon the Creditor Interocean's Objection to Debtor's Claimed Homestead Exemption which was filed on August 25, 1995. The Court, having reviewed the Motion and the response thereto, having heard the arguments of counsel, having reviewed the exhibits and the case law cited by the parties, and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

B & R Import and Export, Inc. ("B & R") previously conducted business in the State of Texas. As part of its business, it sold products which were often supplied by Creditor Interocean. Lee Popek, the instant Debtor and a former officer or agent of B & R, personally guaranteed B & R's debt to Interocean that arose from the company's operations.

In 1987, B & R's business operations collapsed. Thereafter, the Debtor sold his home in Texas and moved to Florida where he purchased a residence with cash.[1] At the time of the closing, the Debtor owned the residence free and clear of any encumbrances, as evidenced by a closing statement submitted by the Debtor.

Subsequently, Interocean pursued the Debtor for his liability on the guarantees and filed a six-count complaint in the Circuit Court of the Eleventh Judicial Circuit of Florida. Thereafter, a final judgment was entered on four counts of the Complaint for (1) account stated; (2) open account; (3) goods sold and delivered; and (4) personal

---

1. *Texas Property Code* § 41.001 entitled "Interests in Land Exempt from Seizure" provides:
    (a) A homestead and one or more lots used for a place of burial of the dead are exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property.
    (b) Encumbrances may be properly fixed on homestead property for:

    (1) purchase money;
    (2) taxes on the property; or
    (3) work and material used in constructing improvements on the property if contracted for in writing. . . .
    (c) The homestead claimant's proceeds of a sale of a homestead are not subject to seizure for a creditor's claim for six months after the date of sale.

guarantees. The fifth and sixth counts, respectively for civil theft and RICO, were found in favor of the Debtor by a directed verdict which was entered with the final judgment by the Circuit Court on March 4, 1991.

The total amount owed by the Debtor pursuant to the judgment was $1,167,372.00 as of March 4, 1991. Interocean is undisputedly the largest creditor of this estate.

In its Objection, Interocean alleges that the Debtor secreted approximately $360,-000.00 and used these funds to purchase the Florida homestead. Interocean claims that this allegedly fraudulent activity by the Debtor renders the homestead property non-exempt.

### CONCLUSIONS OF LAW

■ Article X, § 4(a) of the Florida Constitution provides in pertinent part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead....

■ In interpreting this provision, the Florida Supreme Court has stated that the homestead protection afforded by the Florida Constitution is to be liberally construed. For instance, in *Butterworth v. Caggiano*, 605 So.2d 56 (Fla.1992), the State of Florida sought forfeiture of the Defendant's residence under the Florida RICO Act. The State argued that "a forfeiture is not a 'forced sale' and that the homestead exemption was not intended to apply outside the debtor context...." *Id.* at 58. The Florida Supreme Court disagreed, stating that the "terms of the Constitution are to be interpreted in their most usual and obvious meaning...." *Id.* at 58. Since the language of the section refers to "forced sales" and not "forced sales arising from debts", the Court determined that forfeitures are not excluded

from the protection afforded homestead property. *Id.* at 60. The Court concluded that the only exceptions to the homestead exemption are those specifically enumerated in the Florida Constitution, explaining that "[t]he Florida homestead provision clearly contains no exception for criminal activity. Neither the legislature nor this Court has the power to create one." *Id.* at 60. *See also, Olesky v. Nicholas*, 82 So.2d 510, 513 (Fla.1955) (claim of homestead is good against judgment grounded on malicious tort).

Similarly, in a recent decision, the District Court for the Southern District of Florida declined to place an equitable lien on a Debtor's homestead, stating that "the homestead exemption does not contain an exception for real property which is acquired in the state of Florida for the sole purpose of defeating the claims of out-of-state creditors." *Bank Leumi Trust Co. of N.Y. v. Milton Lang and Elena Lang and MEA Inv.*, 898 F.Supp. 883, 888 (S.D.Fla.1995). While the District Court recognized that some Florida Courts have allowed equitable liens to be placed on homestead property, the District Court found those cases distinguishable. Specifically, the District Court found that the parties in those cases "fraudulently or improperly procured funds and then sought to defeat the claims of those to whom monies were due by using the monies to invest in, purchase, or improve a homestead." *See e.g. Jones v. Carpenter*, 106 So. 127, 130 (1925); *La Mar v. Lechlider*, 185 So. 833 (Fla.1939). However, in *Bank Leumi*, as in this case, the funds used by the Debtor to obtain the homestead are not traceable to the objecting creditor.

The District Court also declined to follow the case relied upon by the instant Debtor, *Palm Beach Sav. and Loan Ass'n v. Fishbein*, 619 So.2d 267 (Fla.1993), finding that it involved "the narrow range of circumstances in which a creditor steps into the shoes of a predecessor creditor who could have availed himself of an exception to the homestead exemption." *Bank Leumi*, 898 F.Supp. at 888.

In *Fishbein*, a husband borrowed $1.2 million from a bank and secured the loan with a mortgage on his Palm Beach home. He then

used $900,000.00 of the proceeds of the loan to satisfy the existing mortgages on his homestead property. The bank subsequently discovered that Mr. Fishbein had forged his wife's signature on the loan documents.

Ultimately, the Court awarded the bank an equitable lien on the homestead property in the amount $900,000.00, thereby allowing the bank to step into the shoes of its predecessors. The Court reasoned that such a result was necessary to prevent Mrs. Fishbein from receiving a windfall, a homestead free and clear of liens, as a result of her husband's fraudulent conduct.

In this case, Interocean does not contend that the Debtor used funds borrowed from Interocean to purchase the Florida residence. Nor does Interocean aver that its rights should be subrogated to those of another creditor. Rather, Interocean merely argues that the Debtor's alleged fraudulent conduct necessitates the disallowance of the Debtor's homestead exemption. I disagree.

Pursuant to the cases discussed above, the exceptions to the homestead exemption provided by the Florida Constitution must be strictly construed. Unless the facts are such that they fall within one of the three exceptions specifically provided by Article X, § 4(a), this Court cannot deny the instant Debtor his homestead. Even if the purpose of the Debtor's actions was to defeat the claims of Interocean, this Court is without the power to create additional exceptions to protections granted by the Florida Constitution. Accordingly, the relief requested in Interocean's Objection is hereby denied.

DONE AND ORDERED.