Bessie McEwen *v.* Minnie Larson, a widow; Coralie Johnson, *et vir.*; Francis P. Larson, *et ux.*; Lena Weeks; Eloise Fraser, *et vir.*; and W R. O'Neal, as Trustee for the Evaline Lamson Smith Estate.

185 So. 866.
Division B.
Opinion Filed January 20, 1939.

2

*George P. Garrett,* for Appellant;
*Dickinson & Dickinson,* for Appellees.

WHITFIELD, P. J.—This appeal is from a decree in a suit to partition land including a homestead and to have dower assigned with incidental matters.

It appears that O. N. Larson was the owner in fee simple of the east half of lot 2 and the west half of lot 3 of J. H. Smith's Subdivision of Block 9 of Summerlin's Addition to Orlando, Orange County, Florida, a single tract of land 190′ x 60′, less than one half acre in an incorporated city, the property fronting north 60′ on Church Street and south 60′ on Mariposa Street, on which single city tract, the owner lived with his family as his homestead; that sometime during the years 1925 and 1926, O. N. Larson, the owner, erected an apartment house and a garage to be used for renting purposes on the south end of the land; that on May 14, 1929, the owner joined by his wife purported to convey in fee simple the entire property, without consideration, to a third person who on the same day conveyed the same property to his wife, in fee simple. Such deeds were recorded May 15, 1929.

In August, 1931, O. N. Larson died when still living with his family in the same dwelling as his home. Surviving him were his wife and five married children who were also the children of his surviving wife. On January 3, 1931, the said Minnie Larson, widow of O. N. Larson and the mother of his children, purported to execute a mortgage upon the entire lands, which were purported to be conveyed to her on May 14, 1929, to W. R. O'Neal, as trustee for the Evaline Lamson Smith estate for $1,000.00. Such mortgage was recorded January 22, 1936.

It also appears that the widow, Minnie Larson, "has within the last week or so purported to execute a five year lease of the title to said premises to her daughter, Coralie Johnson, and turned over to said daughter the possession of the building located on said property at 408 East Church Street and the building on said property at 409 Mariposa Street."

The constitution contains the following:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article." Sec. 1, Art. X.

"The exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section." Sec. 2, Art. X.

"Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself; and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law." Sec. 4, Art. X.

O. N. Larson owed no debts at his death and there was no administration upon his estate. There had been no assignment of dower to the widow. The widow remained in possession of and managed the homestead as well as the

apartment house on the south end of the original home-stead land. When the owner constructed the apartment house and accompanying garage for rental purposes, he did not mark the dividing line between the rental property and the homestead property. The court in this case fixed the dividing line at 72.8 feet north of the south line of the property, and this appears to be entirely reasonable and just.

The court properly decreed that prior to May 14, 1929, when the title to the homestead land was attempted to be conveyed to his wife, the owner, O. N. Larson, by building the apartment house and garage thereon and using it for renting purposes, thereby abandoned his homestead exemption rights in the south 72.8 feet of the land, leaving the remainder of the land with the family dwelling thereon, the homestead; that the purported conveyances of May 14, 1929, to Minnie Larson are valid only as to the south 72.8 feet of the east half of lot 2 and the west half of lot 3 as above described; that said deeds of May 14, 1929, are void as to the remainder of said east half of lot 2 and of the said west half of lot 3, which remainder of said land was the homestead of the said O. N. Larson at his death in August, 1931; "and that same descended share and share alike to the children of O. N. Larson, namely Coralie Johnson, Francis P. Larson, Lena Weeks, Eloise Fraser and Bessie McEwen, each a one-fifth interest and with right of dower in same to Minnie Larson, the widow of O. N. Larson, and that the aforesaid children of O. N. Larson are entitled to have said property partitioned if same can be partitioned, and if not, to have same sold and Minnie Larson entitled to have out of the proceeds of any sale her dower alloted and awarded, and the court reserves jurisdiction hereof, to make, on the coming in of the report of Commissioners and partition as hereinafter set out, to make

all further and necessary orders setting aside and allowing the dower of the said Minnie Larson."

O. N. Larson died in August, 1931, so the Probate Act of 1933 is not applicable.

"Although recording statutes, such as Section 3838 of the Revised General Statutes of 1920, usually provide that an unrecorded mortgage is void as to creditors, the prevailing doctrine makes the mortgage, on personalty as well as realty, void only against those creditors who obtain a lien on the mortgaged property before the instrument is filed for record." So. Bank & Trust Co. v. Mathers, H. N. 1, 90 Fla. 542, 106 So. 402.

But other property so conveyed to the wife may pass title to her. Sec. 5670 (3797) C. G. L.; Church v. Lee, 102 Fla. 478, 136 So. 242.

The court properly held that the south 72.8 feet of the land was not a part of the homestead at the death of O. N. Larson in August, 1931. Homestead exemption rights in such 72.8 feet of the land had been waived or abandoned by the owner in the use made of such 72.8 feet for apartment house rental purposes. An apartment house for renting purposes is not a "business house of the owner" of a homestead within the meaning of Section 1, Article X, of the constitution of Florida. See Anderson Mill & Lbr. Co. v. Clements, 101 Fla. 523, 134 So. 588; Jordan v. Jordan, 100 Fla. 1586, 132 So. 466; Smith v. Guckenheimer, 42 Fla. 1, 27 So. 900. The holding here is not inconsistent with Cowdery v. Herring, 106 Fla. 567, 143 So. 433, where the owner living on her homestead merely rented for a tool house a small garage that had been used as a part of the city homestead property. In this case the owner built on a severable part of the homestead city property an apartment house with a garage for rental purposes, thereby abandoning the portion of the original homestead land that

is reasonably appropriate for the ren.al purposes of the apartment and garage constructed, not for use of those entitled to the exemption, but for rental purposes, on the south end of the property. Homestead exemption features that exclude creditors may also regulate the exemptions which "shall inure to the widow and heirs of the party entitled to such exemption," the statutes of dower and descents regulating the estate and the title that inures.

Sections 5497 (3633), and 5498 (3634) C. G. L., provide as follows:

"The widow may retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with outhouses, offices or improvements thereto belonging, free from molestation or rent, until she shall have her dower assigned to her." (Feb. 7, 1828, Sec. 5.)"

"The widow of an intestate shall be entitled to keep her wearing apparel and such household goods and farming utensils, provisions and clothing as may be necessary for her maintenance and that of her family, to be set apart by the appraisers, who shall have special regard for the ability of such widow and children to provide for and maintain themselves; and the aforesaid articles shall not be considered and taken as forming a part of the widow's dower in any case. (Ch. 1437, Sec. 6, 1864, Sec. 5.)"

The decree contains the following:

"5. The court finds that Minnie Larson is entitled to a dower interest in the homestead property and that same has never been set off to her and that none of the heirs of O. N. Larson ever undertook to set off said dower interest to said Minnie Larson; and the court further finds that Minnie Larson is the widow of O. N. Larson and is entitled to dower in the homestead property. On agreement of counsel before the court, the court viewed the premises as to the

location of the dwelling house in which O. N. Larson lived at the time of his death with his wife, and also the apartment house located thereon and the garage in the Southeast corner, and counsel representing plaintiff and the defendants, not waiving any right to contest the findings and judgment of the court that any part of said property had been abandoned by O. N. Larson as his homestead, agreed that a proper line of separation would be four feet south of the garage used in connection with the dwelling house which faces Church Street, and the court from such agreement and from its inspection finds that the part of the property used in connection with said apartment house and garage in the Southeast corner was that part described as the South 72.8 feet of the property described in the proceedings as per plat of survey made by L. I. Bartram, Surveyor, and filed herein before the court on the 13th day of October, 1927, and copy of which is attached to this final decree and marked Exhibit 'A.'

"6. The court finds that on May 14th, 1929, at the time of the execution of the deeds aforesaid by O. N. Larson to his wife through Laura Stevens Nixon, that he had then living by said wife, several children all of whom are parties to this suit, namely, Minnie Larson, the widow of O. N. Larson, Coralie Johnson, Francis Larson, Lena Weeks, Eloise Fraser and Bessie McEwen, and that the said last named are the sole heirs at law of O. N. Larson and were at the time of his death.

"7. The court finds of course that the mortgage to W. R. O'Neal, as Trustee of the Evaline Lamson-Smith estate is valid against that part of the property covered by and used with the apartment house. It does not appear from the testimony that said O'Neal had knowledge of the claim of the heirs at the time of furnishing the money and time of taking mortgage, for the improvements on the homestead,

nor was there anything to put him on notice of inquiry, and the deed to Minnie Larson had been of record for six years, that is, since May 15, 1929. The mortgage was not taken until January 3, 1936. If plaintiff or any of the heirs had performed his duty and set off the dower of Minnie Larson, or if this suit had been instituted at least sixty days sooner, the situation would not have developed as it is. As between two innocent persons the one whose negligence makes the injury or affords the opportunity for it to occur, should bear the loss. Therefore, the court finds that the mortgage to W. R. O'Neal, as trustee as aforesaid, is likewise valid as against the part of the property which constituted the homestead of O. N. Larson at the time of his death."

That portion of the decree which 'finds that "the mortgage to W. R. O'Neal as trustee, is valid as against the part of the property which constituted the homestead of O. N. Larson at the time of his death," may accord with the equities stated as the basis for the finding; but such portion of the finding does not accord with the requirements of the constitution as to the method of alienating the homestead "by deed or mortgage." Secs. 1, 2, 4, Art. X.

The mortgage executed by the widow legally covered the south 72.8 feet of the land that had lost its homestead character and was conveyed to the wife by the deeds of May 14, 1929; but such mortgage is not valid as to the homestead property at the death of the owner in August, 1931.

However, in assigning dower in the homestead property, expenditures made by the widow in permanent necessary repairs to the property may be adjusted when the property is partitioned and dower therein assigned. If the proceeds of the mortgage were in whole or in part used in making necessary permanent repairs to the homestead, the allow-

ance therefor to the widow for so using proceeds of the mortgage will enable the widow to proportionately pay therewith the mortgage as equity demands.

The finding as to adjustments of taxes paid by the widow on the homestead and the 72.8 feet not now included in the homestead, is not shown to be inequitable or erroneous.

The decree is affirmed except in so far as it adjudges the homestead property, not including the 72.8 feet nor of the south line of the original homestead tract, to be subject to the O'Neal mortgage.

Such provision of the decree so excepted from the affirmance is hereby reversed and the cause is remanded for appropriate proceedings.

It Is So Ordered.

Brown and Chapman, J. J., concur.

Terrell, C. J., and Buford, J., concur in the opinion and judgment.

Thomas, J., not participating, as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.