**OLIE LOCKHART**, individually and as Executrix of the Estate of Josiah S. Sasser, deceased, et al., v. ZERA SASSER, a widow.

22 So. (2nd) 763            June Term, 1945

July 10, 1945            En Banc

*E. Paul Gregory,* for appellant.

*William D. Doss,* for appellee.

BUFORD, J.:

In this case the record reveals that Josiah S. Sasser died in Chattahoochee on the 19th day of April, 1944, at which time he owned and lived on lot No. 59 of Edwards Addition to the incorporated municipality of Chattahoochee, constituting less than one-half acre.

He had theretofore attempted to devise by will the property to a daughter, the appellant.

At the time of his death Sasser had a living lawful wife and at least one minor child who were living separate and apart from him. The widow filed suit to void the will as to the property involved on the theory that it was the homestead of the decedent and could not be devised by will.

The opinion and judgment in the case of O'Neal v. Miller et al. 143 Fla. 171, 196 Sou. 478, is authority for the conclusion

that the testator was at the time of his death the head of a family residing in this state.

This brings us to the question of whether or not the use of the premises precluded its being subject to the provisions of Sections 1 and 4 of Article X of our Constitution.

The record shows that the improvements on the homestead lot consisted of one apartment-house containing six (6) apartments one of which, comprising the ground floor, was occupied by the owner as his home.

The entire house was under one roof and was not divisible by a perpendicular line without destroying or eliminating a part of that occupied by the owner as his home. This condition differentiates the case from the cases of Cowdry v. Herring, 106 Fla. 567, 143 So. 433, and McEwen v. Larson, 136 Fla. 1, 185 So. 866. It is also to be differentiated from the case of State v. Gurkenheimer et al., 42 Fla. 1, 27 So. 900. In the latter case the fact that the improvement was shown to be such that it was divisible by a perpendicular line appears to be the decisive factor on which the majority holding was based.

We are of the opinion that the decree is without error and should be affirmed.

So ordered.

TERRELL, THOMAS, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C. J., and BROWN, J., dissent.