**In re Rebecca Ann KUVER, Debtor.**

**Bankruptcy No. 86–02021–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 2, 1986.

Christine Hall, Attorney at Law, Fort Lauderdale, Fla., for debtor.

James B. McCracken, Fort Lauderdale, Fla., Trustee.

**MEMORANDUM DECISION**

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the court on September 8, 1986 upon the trustee's objection to debtor's claim of homestead exemption. (C.P. No. 7). The debtor is a bookkeeper who earned about $300 a week dur-

ing the past two years. Her marriage was terminated in 1986. She has minor children living with her. The debtor resides in an abode located within a municipality on less than one-half acre of contiguous land. She lives in a structure described as a duplex. The building is under one roof with a party wall between unit one and unit two. Each unit has a separate doorway and constitutes a complete and independent separate dwelling site joined by the party wall like Siamese twins. The property has only one post office address. One dwelling, which is half of the duplex, is rented by the debtor to a tenant for income purposes. The value of the entire property is modest. The debtor valued the claimed homestead in her schedules at $100,000. It is not the Taj Mahal. She partially supports herself from the $375 per month which she receives for the rented half of the duplex. The trustee concedes that the debtor is entitled to a homestead exemption but submits that the exemption is limited to the one-half of the property where the debtor actually resides. The trustee suggests that the other one-half of the property, which the debtor rents for income, should be denied homestead status and that the title thereto should pass to the trustee for the purpose of liquidation and distribution to creditors of the estate. The trustee relies on the theory that the improvement is divisible by a perpendicular line and, therefore, the claim for homestead exemption should be denied. There is a theory of severability discussed in *Smith v. Guckenheimer*, 42 Fla. 1, 27 So. 900 (1900) (hereinafter *Smith*), and *McEwen v. Larson*, 136 Fla. 1, 185 So. 866 (1939) (hereinafter *McEwen*), which states that where rental property was erected on a "severable" part of the homestead, then an intention to abandon that portion of the homestead was established. The court in *McEwen* emphasized that "the holding here is not inconsistent with *Cowdery v. Herring*, ... [106 Fla. 567, 143 So. 433 (1932) (hereinafter *Cowdery*)] ... where the owner living on her homestead merely rented for a tool house a small garage that had been used as a part of the city homestead property." *McEwen* 185 So. at 868. In 1932, which was 56 years ago, the *Cowdery* court found the rented free-standing buildings to be part of the homestead. The debtor's counsel has argued that *Lockhart v. Sasser*, 156 Fla. 339, 22 So.2d 763 (1945) (hereinafter *Lockhart*), is applicable. *Lockhart* held that an entire six-unit apartment building under one roof is exempt because it is not divisible by a perpendicular line without destroying or eliminating a part that is occupied by the owner as a home. *Lockhart* involved a six-unit apartment building under one roof with one apartment occupied by the owner. Why not exempt a sixty unit building or a six hundred unit building under this theory?

The court believes that the perpendicular divisible line theory for delineating homesteads is somewhat out of date. *Smith, Cowdery, Lockhart* and *McEwen* were decided prior to the enactment of the Florida condominium law and the common usage of condominium ownership. *Smith* was decided on the 1885 Florida Constitution. It is doubtful that any zoning laws existed at this time. Today, in Florida, a condominium unit within a condominium complex may be divided vertically and horizontally and freely conveyed. Dividing lines may figuratively cut a parcel out of the air in a building, which is under one roof with a single doorway and otherwise indivisible by the drawing of only perpendicular lines. In addition, the ownership of such a divisible unit may carry with it ownership of common areas or elements or limited common areas or elements, which are owned and enjoyed by others as well as the owner of an individual unit.

This court, upon a review of the older cases and after considering the type of homestead involved, believes that equitable considerations were at the heart of these decisions. Legal conclusions were motivated by the heart rather than founded on stare decisis. Examples would include an effort in the *Lockhart* case to help the minor child of the decedent at the expense of the new wife or the attempt in the *McEwen* case to help the poor widow at the expense of her husband's creditors.

The *McEwen* case is closest in theory because the court concluded that rental property on a severable portion of the homestead lost its identity as homestead property. Still a fresh look should be taken at the intent of the Florida Constitution and legislative enactments in regard to the divisibility of homesteads.

Clearly, no problem exists where a debtor resides within a municipality on less than a quarter of an acre and otherwise qualifies for homestead and rents no portion thereof nor conducts any business thereon.

Yet, Florida law has long recognized the concept of the "business house" of the debtor. *Smith* involved a two-story building not divisible by a perpendicular line. On the first floor, the owner conducted a business in one bay and rented about four other bays to other businesses. The upper floor was comprised of all bedrooms. One bedroom was vacant. The rest were occupied by the debtor and his family. The issue of divisibility by perpendicular line is discussed and approved by the majority opinion. The court majority inserted a perpendicular line through a building 95 feet long, leaving 39 feet upstairs and downstairs as a homestead and allowing execution on the remaining 56 feet of the building. Justice Mabry, in his interesting dissenting opinion, thoughtfully examined the homestead laws of Wisconsin, Oklahoma, Kansas, Minnesota, Nevada, Arkansas, Michigan, Illinois, Iowa, Alabama and Texas. *Smith* was decided under the 1885 Constitution where the exemption specifically extended "to the residence *and business house* of the owner or head of the family." In comparison, the 1984 Florida Constitution provides the exemption "shall be limited to the residence of the owner or his family" omitting the words "business house". The current homestead exemption does not deal with the question of divisibility or the problems created by the perpendicular divisibility theory and the apparent unequitable results that are possible by using the rule in the *Lockhart* case. A debtor who "lives above the store" is not denied the homestead exemption by virtue of the commercial activity taking place laterally beneath the debtor's living space. With this in mind, the widow or impoverished couple who rent the spare bedroom or the space for a cot in the parlor for a few dollars a week, to help make ends meet, are not deemed to have abandoned their homestead exemption. The perpendicular divisible line theory was ignored in the *McEwen* case to include separate free-standing buildings as part of the homestead. Without reference to the theory of perpendicular division, the *Lockhart* case found a homestead in a six-unit apartment building. The perpendicular division theory is not only inadequate but inequitable.

Let us consider a residence of a debtor in a building consisting of two floors with separate entrances consisting of a doorway to the downstairs floor and a door and stairway to the upper floor. Also, consider the owner of a side-by-side duplex joined by a party wall rather than ceiling and floor, of like square footage, rooms, closets, bathrooms and storage space. Would it be fair for the latter to keep only half of that property because instead of being upstairs-downstairs where a divisible line could only be drawn horizontally through the floor, the divisible line could, in fact, be drawn vertically through the party wall?

Another example of the problem is a fifty-story apartment building with an apartment on each floor, which is not dedicated to condominium form of ownership. This building should not be exempt just because the owner lives in one of the apartments and rents the other forty-nine, despite the fact it is under one roof and not divisible by a perpendicular line.

The purpose of the homestead exemption is to provide some protection for the family and the premise of the Bankruptcy Code is to provide a fresh start for honest debtors who have suffered financial disaster. Though the style and nature of the laws are different, the ultimate goals are the same. This court sees a manifest unfairness in taking away one-half of a debtor's side-by-side duplex for the benefit of credi-

tors while another creditor keeps an entire building of identical size because it is constructed upstairs-downstairs.

■ The court believes, in view of the new legislation on condominiums enacted since these cases were decided, that it is time for a new divisibility test. A unit which is both susceptible to division by perpendicular lines, horizontal lines, or both, and lawfully conveyable as an independent parcel under existing law should be the criteria for the divisibility.

■ In this way, an individual condominium unit may be considered a homestead while the remainder of the condominium units belonging to the same owner in the same building would not. This rationale would not interfere with the low-income debtor's ability to rent a room or retain both halves of a duplex. The situation where the debtor-resident owner of a fifty-story rental apartment building which is laterally stacked is also solved. Such a building, if zoned multi-family, is susceptible to division (into condominium units) which could then be lawfully conveyed under existing zoning.

A duplex, in almost every instance, although susceptible to division by a vertical or horizontal line, is not lawfully sellable under existing zoning laws.

Accordingly, the court determines that the entire duplex building of Rebecca Ann Kuver is intended to be exempt as homestead under the Florida Constitution and Statutes. Therefore, under the U.S. Bankruptcy Code, it is

**ORDERED** that the objection of the trustee to the claimed exemption is overruled.