### In re William J. MAKAREWICZ, Debtor.

### Bankruptcy No. 90–15898–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

April 15, 1991.

Bernard I. Rappaport, Miami, Fla.

Cynthia I. Chiefa, Miami, Fla.

### MEMORANDUM DECISION

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court on the Trustee's objection to the Debtor's claimed Homestead exemption of certain real estate pursuant to Article 10 Sec. 4 of

---

the Florida Constitution. Pursuant to Bankruptcy Rule 4003(c), the objecting party has the burden of proof to show that the Debtor is not entitled to the claimed exemption.

The property consists of a single family residence and a detached garage type structure. The Debtor resides in the single family structure. The garage structure is two floors. The first floor is divided into three parts; a carport behind which is located a laundry room both of which are used by the Debtor, a room which is used by the debtor for the storage and use of physical fitness equipment and a one room apartment. The upstairs consists of a one room apartment. Both apartments are rented to tenants on a month-to-month lease.

■ The issue in this matter is whether a portion of the property which is owned by the Debtor and claimed as homestead loses its exempt status because a part of the property consisting of two apartments, each containing one room, is rented to others. Both parties agree that the property is located within a municipality and consists of less than one-half acre of land. The parties further agree that the property is zoned for a single family residence, and there is no possibility that the property could be re-zoned to allow the property to be subdivided so that it would be possible to legally convey that portion of the structure which is partially rented to third parties.

In support of his position, the Trustee primarily relies on *Shillinglaw v. Lawson*, 88 B.R. 406 (S.D.Fla.1988) as authority for the proposition that the rental of property which is otherwise homestead constitutes abandonment of homestead on that portion which is rented. Shillinglaw is readily distinguishable from the instant case in three important respects. In Shillinglaw, the homestead in question consisted of ten acres of rural land. The Debtor rented out a stable and trailer on a severable part of the property which the tenant then rented to others for purposes of boarding horses. In addition, the lease was a written lease which provided for no date of termination.

As to the portion of the property which was rented out, the party claiming the homestead used no part of the property for any purpose other than rental.

In the instant case, the property which is rented is not on a severable part of the property as acknowledged by both parties. The tenants reside under oral leases which are month-to-month. In addition, the rental units are contained in a structure which the Debtor used about two-thirds of the ground floor. It would therefore appear that the Trustee's reliance upon Shillinglaw is misplaced.

In reviewing Florida case law, it is clear that the Trustee cannot prevail. Although different criteria have been used as tests to determine whether homestead status was abandoned due to rental, under virtually every set of circumstances it is clear that the entire property in question constitutes the homestead of the Debtor.

In *Lockhart v. Sasser*, 156 Fla. 339, 22 So.2d 763 (1945), the property in question consisted of a two story building in which the owner lived on the first floor and the second floor consisted of rental units. In declaring that the entire property was exempt, the determinative factor was the fact that the improvement could not be divided by perpendicular line without destroying that portion used as the residence. Indeed in this case, the structure in question cannot be divided by a perpendicular line, as the Debtor uses two thirds of the first floor of the garage structure for his own private purposes.

Although in *McEwen v. Larson*, 136 Fla. 1, 185 So. 866 (1939) a portion of a single building was declared to be non-exempt because it could be divided by a perpendicular line, it also appears that the building in question stood on a 145 foot city lot and by dividing the property in two, two city lots, each 72.8 feet, were created. No mention was made of zoning problems, however it appears that there were probably limited zoning restrictions at the time. It was noted by the Court that the owner had built the structure purely for rental purposes on a *severable* (emphasis added) portion of the property. The Court specifically men-

tioned that its ruling in McEwen was not inconsistent with that of *Cowdery v. Herring,* 106 Fla. 567, 143 So. 433 (1932), where it was held the rental of a tool house which had been built as a garage in connection with the homestead property did not destroy the available exemption to the entire property.

▆ This Court previously addressed this issue in the case of *In Re: Kuver,* 70 B.R. 190 (Bkrtcy.S.D.Fla.1986) wherein an entire duplex was exempt even though the Debtor used one side of the duplex for rental purposes. Kuver was substantially based on the fact that the rental portion of the property was neither divisible nor lawfully conveyable as an independent parcel. As set forth in Kuver, in the age of condominiums and other forms of modern real estate development the key factor is wheth- er there is a severable portion of the property which can, in fact, be sold which will allow the party claiming homestead to retain the portion of property to which there is no dispute. Indeed, in reading all of the foregoing cases, a common theme would seem to be whether there is, in fact, a severable portion of the real estate which could be lawfully conveyed.

This Court sees no reason that Kuver is not determinative and therefore the Trustee's objection is overruled.

DONE AND ORDERED.