**In re William J. MAKAREWICZ, Debtor.**

**Bankruptcy No. 90–15898–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

July 17, 1991.

Cynthia Chiefa, Miami, Fla., for trustee.

Bernard Rappaport, Miami, Fla., for debtor.

## ORDER DENYING TRUSTEE'S MOTION FOR REHEARING

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court upon the Trustee's Motion for Rehearing on Memorandum Decision filed April 29, 1991. On April 15, 1991, this Court entered its Memorandum Decision in accordance with *In re: Kuver*, 70 B.R. 190 (Bankr. S.D.Fla.1986), holding certain property of the debtor to be homestead and, therefore, exempt from the bankruptcy estate pursuant to Florida law. 126 B.R. 127.

In his motion for rehearing, the Trustee asserts the Court's reliance on *Kuver* is misplaced. *Id.* The Trustee also asserts, albeit respectfully, that the Court failed to address the Trustee's demand for turnover of non-exempt rental income.

The Court does not find that the Trustee's motion for rehearing addresses any issues not before considered by this Court. In asserting the Court's reliance on *Kuver* is misplaced, the Trustee alleges the equitable considerations which outweighed the interest of the estate in *Kuver* are not

present in the case *sub judice.* The Court does not agree.

The property the Trustee seeks to have determined to be non-exempt is a two-story garage of a single family structure. The garage is divided into various areas, some of which the debtor uses as a laundry room and storage facility and some of which the debtor rents to third parties on a month-to-month basis. There are only two (2) such leased and rented areas, each consisting of a single room. The parties agree the property is zoned as a single family residence with no possibility to legally sever and convey the rented portions of the garage.

 This Court has previously stated its intention not to deny the homestead exemption merely by virtue of commercial activity taking place on the debtor's living space. *Id.* The Court remains firm in its belief that a debtor does not necessarily abandon his or her homestead simply because he or she may rent or lease portions thereof, but believes the debtor's property should be subject to a divisibility test. *Kuver,* 70 B.R. at 193. The criteria for divisibility should include not only whether a unit or parcel is susceptible to division by perpendicular and/or horizontal lines, but also whether such unit or parcel is lawfully conveyable as an independent parcel under existing law. This property is not so susceptible to division.

The Court believes that insistence on such criteria effectuates the equitable considerations and purpose of both the homestead exemption and the Bankruptcy Code:

> The purpose of the homestead exemption is to provide some protection for the family and the premise of the Bankruptcy Code is to provide a fresh start for honest debtors who have suffered financial disasters.

*Kuver,* 70 B.R. at 192. The perpendicular/horizontal theory, alone, is inadequate and inequitable. Requiring both elements of the divisibility test, as described above, achieves the most equitable results. Requiring the Trustee to meet both criteria does not interfere with the low-income debtor's ability to rent a room. At the same time, adherence to the foregoing criteria protects creditors and the Trustee from the debtor/resident owner who claims a homestead exemption of a fifty-story rental apartment building, but whose building is susceptible to division into units which can be lawfully conveyed.

 With regard to the Trustee's demand for turnover pursuant to 11 U.S.C. § 541(a)(6), the Court finds no basis on which to order the debtor to turnover to the Trustee the income received from the rental of the garage space. Bankruptcy Code § 541 describes the property of a bankruptcy estate. Subsection (a)(6) includes, as property of the estate, rents from property of the estate. However, having concluded that the subject property is homestead and, therefore, exempt from being property of the estate, any rents derived therefrom are also afforded exempt status.

Upon consideration, it is

ORDERED that Trustee's Motion for Rehearing on Memorandum Decision is DENIED.

DONE and ORDERED.