| Creditor/address | Amount of Claim |
|---|---|
| Torry Harris, Inc.<br>Attn: Eugene A. Castagna<br>536 Fayette Street<br>Path Amboy, NJ 08861 | 36,828.80 |

**In re Paul S. BAXT, Debtor.**

**Bankruptcy No: 95–22151–BKC–RBR.**

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Nov. 9, 1995.

Juan J. Rodriguez, Miami, Florida.

*MEMORANDUM ORDER SUSTAINING OBJECTION TO DEBTOR'S SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND HOMESTEAD EXEMPTION*

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court for hearing on Tuesday, October 10, 1995 upon the Objection to Debtor's Motion to Avoid Liens on Exempt Homestead Property ("Objection") filed by Creditors, Stephen L. Warner and Kathryn A. Warner on or about July 29, 1995. The Court, having reviewed the pleadings, heard the arguments of counsel, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law.

*FINDINGS OF FACT*

The Debtor, Paul S. Baxt, filed for relief under Chapter 11 of the Bankruptcy Code on June 5, 1995. On his Schedules, the Debtor claimed as exempt his interest in his residence located at 8900 N.W. 66th Lane, Parkland, Florida. The property consists of two and one-half acres (2.5) which lie within the city limits of Parkland, Florida. The Debtor

claims that due to local zoning and building regulations that prohibit the subdivision of the land, the entire 2.5 acres must be exempt.

On June 30, 1995, the Debtor filed a Motion to Avoid Liens on Exempt Homestead Property and Sale of Real Property Free and Clear of Liens. The instant Objection was subsequently filed by the Warners.

On August 17, 1995, the Court entered an Order granting Debtor's Motion to Avoid Liens on Exempt Homestead Property and reserved ruling on the Objection filed by the Warners. The Court also entered an Order Granting Debtor's Motion to Sell Property Free and Clear of Liens and ordered that the proceeds of the sale be held in an escrow account pending resolution of the Warners' Objection.

On August 22, 1995, the Debtor's residence was sold for the sum of $500,000.00. The balance from the sale after payment of the first mortgage, taxes and miscellaneous closing expenses was $51,229.71. The Warners contend that since the Debtor's residence was on property in excess of that allowed for a homestead exemption under the Florida Constitution, the Debtor cannot exempt the entire amount of the sale proceeds. In response, the Debtor argues that since the property could not have been practically or legally divided, all of the proceeds are exempt.

### CONCLUSIONS OF LAW

■ Article X, § 4(a)(1) of the Florida Constitution provides:

(a) There shall be exempt ... the following property owned by a natural person: (1) a homestead, if located outside a municipality, to the extent of one hundred and sixty acres of contiguous land and improvements thereon, ... or if located within a municipality, to the extent of one-half acre of contiguous land upon which the exemption shall be limited to the residence of the owner or his family; ...

The Warners rely on the case of *In re Englander*, 156 B.R. 862 (Bankr.M.D.Fla. 1992) for the proposition that the Debtor cannot claim as exempt more that the one-

half acre allowed under the Florida Constitution. The Warners argue that to allow otherwise would provide the Debtor with a windfall by virtue of the local zoning and building regulations in Parkland.

In *Englander*, the Debtors' residence was located on 1.05 acres in Winter Park, Florida. As in Parkland, the Debtors' land could not be subdivided due to local zoning and building regulations. In holding that the Debtors could not claim the entire tract of land as exempt, the Court stated that the specific area limitation imposed by the Florida Constitution is an "inexorable command" that must be stringently enforced. *Id.* at 869. The Court then followed *O'Brien v. Heggen*, 705 F.2d 1001 (8th Cir.1983) and ordered the sale of the entire parcel with the proceeds to be apportioned between the Debtor and the Trustee thereafter. The Court reasoned that such a sale is an "eminently fair resolution" as the debtors would receive the value of their homestead, which could be used to purchase another homestead, and the creditors would benefit from the recovery of the proceeds of the nonexempt property for distribution. In conclusion, the Court explained that "[t]he homestead exemption cannot be used, even in conjunction with zoning laws, to unjustly impose upon the rights of creditors." *Englander*, 156 B.R. at 870. *See also, In re Wierschem*, 152 B.R. 345 (Bankr.M.D.Fla. 1993) (homestead property incapable of being partitioned due to zoning regulation subject to administration by trustee to extent homestead exceeded residency limitation imposed by Florida Constitution).

I am persuaded that the reasoning in *Englander* should control the matter presently before the Court. While the Debtor relies on *In re Makarewicz*, 130 B.R. 620 (Bankr. S.D.Fla.1991) and *In re Kuver*, 70 B.R. 190 (Bankr.S.D.Fla.1986) to support the proposition that property not divisible or conveyable under zoning laws should be exempt in its entirety, I find these cases distinguishable from *Englander*. Neither *Makarewicz* nor *Kuver* involved the half-acre limitation at issue in this case. Rather, they address that part of the Florida Constitution that limits the exemption to "the residence of the owner or his family". In *Makarewicz*, the issue was

whether the two-story garage of a single family structure, part of which was leased to third parties on a month-to-month basis, qualified for homestead protection. In *Kuver*, the question was whether the debtor's duplex, half of which was rented to a third party, qualified as homestead property in its entirety.

In these cases, the Courts utilized a "divisibility test" in determining whether the property in question was entitled to the exemption. The Courts stated the subject property was divisible if it was "both susceptible to division by perpendicular lines, horizontal lines, or both, and lawfully conveyable as an independent parcel under existing law...." *Makarewicz*, 130 B.R. at 621; *Kuver*, 70 B.R. at 193. The Courts reasoned that such a rule "would not interfere with the low-income debtor's ability to rent a room or retain both halves of a duplex", while it also solves the problem of a "debtor/resident owner who claims a homestead exemption of a fifty-story rental apartment building, but whose building is susceptible to division into units which can be lawfully conveyed." *Makarewicz*, 130 B.R. at 621; *Kuver*, 70 B.R. at 193.

■ While the instant Debtor's property would not pass the divisibility test as it cannot be divided into lawfully conveyable parcels, I am nonetheless persuaded that a strict interpretation of the one-half acre limitation is necessary. To hold otherwise would be to allow a Debtor to enlarge his/her homestead exemption by choosing an exclusive subdivision with minimum lot restrictions. The exemption protection pertains to "one-half acre", not to "one-half acre unless you live in Parkland." As stated by the *Makarewicz* Court, one of the goals of the divisibility test is to prevent abuse of the homestead exemption. To allow the Debtor to claim the entire 2.5 acres as exempt would be in contravention of that goal.

Strict construction of the homestead exemption has occurred in other contexts as well. For instance, in *Butterworth v. Caggiano*, 605 So.2d 56 (Fla.1992), a case in which the State sought forfeiture of the Defendant's residence under the Florida RICO Act, the Florida Supreme Court held that the exceptions to the homestead exemption enunciated in Article X, § 4(a) [1] must be narrowly read. As such, the Court concluded that the only exceptions to the homestead exemption are those specifically enumerated in the Florida Constitution. The Court explained, "The Florida homestead provision clearly contains no exception for criminal activity. Neither the legislature nor this Court has the power to create one." *Id.* at 60. *See also, Olesky v. Nicholas*, 82 So.2d 510, 513 (Fla.1955) (claim of homestead is good against judgment grounded on malicious tort).

The United States District Court for the Southern District of Florida followed *Caggiano* in its recent decision, *Bank Leumi Trust Co. of N.Y. v. Milton Lang and Elena Lang and MEA Inv.*, 898 F.Supp. 883 (S.D.Fla. 1995). The Court looked to the precise language of the Florida Constitution and stated that "the homestead exemption does not contain an exception for real property which is acquired in the state of Florida for the sole purpose of defeating the claims of out-of-state creditors. In light of the Supreme Court's admonition in the *Caggiano* [case] that the three exceptions to the homestead exemption should be read narrowly, this Court is unwilling to graft an additional exception." *Id.* at 887.

Following the reasoning in *Englander* and the precedent of strictly construing the provisions of the Florida Constitution, I find that the Debtor cannot exempt the entire 2.5 acres. Therefore, had the sale of the property not already taken place, I would have required such a sale, with the proceeds therefrom to be allocated between the Debtor and the Trustee. However, since the sale has already taken place, the only question

---

1. Article X, § 4(a) of the Florida Constitution provides in pertinent part:

   (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assess-ments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
   (1) a homestead....

remaining is the appropriate allocation among the parties.

Accordingly, I hereby grant the Debtor and his creditors thirty (30) days in which to resolve this issue and submit an agreed order providing for the allocation of the sale proceeds. If the parties are unable to reach an agreement within the time given, the matter will be set for evidentiary hearing and the appropriate allocation shall be determined by the Court.

DONE AND ORDERED.