United States Court of Appeals,

Eleventh Circuit.

No. 94-2823.

In re Edward ENGLANDER and Phyllis S. Englander, Debtors.

Edward ENGLANDER;  Phyllis S. Englander, Plaintiffs-Appellants,

v.

George E. MILLS;  First Union National Bank of Florida;
Transamerica Commercial Finance Corporation, Defendants-Appellees,

Charles W. Broun, Trustee.

Sept. 19, 1996.

Appeal from the United States District Court for the Middle
District of Florida. (No. 93-59-Civ-Orl-19), Henry H. Dickinson,
Judge.

Before TJOFLAT, Chief Judge, COX, Circuit Judge, and CLARK, Senior
Circuit Judge.

PER CURIAM:

In this bankruptcy appeal, appellants Edward and Phyllis S.

Englander ("Debtors") contest the district court's affirmance of

the bankruptcy court's denial of their claim of homestead exemption

and order of a sale of the property and allocation of the proceeds

so that the Bankruptcy Estate could realize the value of its

interest in the non-exempt portion of the property.

FACTS

On September 27, 1990, Edward and Phyllis S. Englander

("Debtors") filed a joint petition under Chapter 7 of the

Bankruptcy Code.  The Debtors claimed their entire residence and

lot at 440 Henkel Circle, Winter Park, Florida as their homestead

exemption.  The property lies within the city limits of Winter

Park, Florida, and is located on a lake front lot which exceeds

one-half acre.  The parties agree that the property cannot be subdivided due to local zoning and building regulations.

The creditors and trustee objected to the claim of exemption for this property because the acreage exceeded the allowable amount under Florida law.[1]  The Debtors admitted that the property was 1.05 acres and attempted to clarify the size of the claimed exempt and non-exempt property.  A landowner can designate a portion of their property as their homestead, subjecting only the remainder to sale.  Fla.Stat.Ann. § 222.02 (1989).  The Debtors' designated portion of non-exempt property had no access to roads, utilities or lake frontage and was completely surrounded by the claimed exempted .5 acres of land.  The bankruptcy court granted the creditors' and trustee's motion for summary judgment, noting that the Debtors' "attempt at homestead exemption "gerrymandering' was clearly made in bad faith."[2]  In lieu of granting the exemption, the bankruptcy court gave the Debtors an exemption in a portion of the proceeds to be derived from the sale of the property.  The parties subsequently filed a stipulation and briefs on the issue of allocation, and the Debtors again attempted to amend the description of their claimed exempt property.  The bankruptcy court denied the Debtors' amendment to their homestead exemption, and ordered the property sold and the proceeds allocated.[3]

---

[1]Although the creditors and trustees also objected to other claimed exemptions and to this claim on other grounds, only the acreage limitation is considered by this appeal.

[2]R1-1, Exhibit 2-20;  *In re Englander,* 156 B.R. 862, 864 (Bankr.M.D.Fla.1992).

[3]R1-1, Exhibit 3-26.

The district court affirmed the decision of the bankruptcy court relating to the claim of homestead exemption.[4]

JURISDICTION AND STANDARDS OF REVIEW

This Court has jurisdiction to review the district court's order under 28 U.S.C. § 158(d).  In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions *de novo.*[5]  The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses.[6]  This Court reviews factual findings for clear error, and the district court's determinations of law *de novo.*[7]  Neither the district court nor this court may make independent factual findings.[8]

DISCUSSION

The issue on appeal is whether the bankruptcy court can order the sale of a claimed homestead property, which exceeds the area limitation under the homestead provision and cannot be practically or legally subdivided, and then order an apportionment of the proceeds.

---

[4]R1-14 at 19.  The district court also affirmed in part and vacated in part the bankruptcy court's order as to the allocation of the proceeds of the sale, and remanded for further proceedings.  However, those rulings were not appealed.

[5]*In re JLJ Inc.,* 988 F.2d 1112, 1116 (11th Cir.1993), citing *In re Goerg,* 930 F.2d 1563, 1566 (11th Cir.1991);  Bankruptcy Rule 8013, 11 U.S.C. (1988).

[6]*Id.;*  Bankruptcy Rule 8013, 11 U.S.C. (1988).

[7]*In re Sublett,* 895 F.2d 1381, 1383 (11th Cir.1990).

[8]*In re JLJ, Inc.,* 988 F.2d at 1116.

A bankruptcy estate consists of all property that the debtor owned at the time of the filing of the bankruptcy petition.[9] Although the Bankruptcy Codes provides for exemption of property which would otherwise be subject to the administration of the bankruptcy estate, Florida has opted out of the federal exemption scheme and makes its state statutory scheme available to its residents.[10]

The Florida law provides for a homestead exemption as follows:

Homesteads—exemptions

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family....[11]

Although the Florida Constitution does not define the term "homestead," it does provide various limitations and requirements which include an acreage limitation, an ownership requirement, and a residency limitation. The issue in this case involves the acreage limitation.

The Florida Constitution provides exemption protection to real

---

[9]11 U.S.C. § 541.

[10]11 U.S.C. § 522(b); Fla.Stat. § 222.20.

[11]Fla. Const. art. X, § 4(a)(1).

property which is located within a municipality only so long as the property is limited to one-half acre of contiguous land. There are no limitations upon the cost, size, or construction of the residence.[12]

In order to be exempt the property must meet all of the requirements of the constitution for exemption.[13] It must not exceed the half of one acre in an incorporated town.[14] Florida courts have denied the exemption to property that exceeds the allowed limitations of residency by dividing the property, and allowing the non-exempt property to be sold for payment of the owner's debts.[15] Because the only exceptions to homestead exemption are those specifically enumerated in the Florida Constitution, courts have refused to create new ones.[16] The Florida homestead exemption laws do not contemplate the cutting up and division of an entire indivisible building situated on exempt real estate.[17] No Florida state court has considered the precise issue before us.

Florida case law dictates that the homestead exemption laws be liberally applied to the end that the family shall have shelter

---

[12]*Smith v. Guckenheimer,* 42 Fla. 1, 37, 27 So. 900, 911 (1900).

[13]*Smith,* 42 Fla. at 17, 27 So. at 915.

[14]*See Id.,* 42 Fla. at 17, 27 So. at 915.

[15]*Id.,* 42 Fla. at 19, 27 So. at 916.

[16]*In re Baxt,* 188 B.R. 322, 324 (Bankr.S.D.Fla.1995); *Bank Leumi Trust Co. of N.Y. v. Lang,* 898 F.Supp. 883, 887 (S.D.Fla.1995); *Butterworth v. Caggiano,* 605 So.2d 56, 60 (Fla.1992); *Smith,* 42 Fla. at 36-40, 27 So. at 911-912.

[17]*Smith v. Guckenheimer,* 42 Fla. 1, 53, 27 So. 900, 905 (Fla.1900).

and shall not be reduced to absolute destitution.[18]  However, the homestead exemption law is intended to be a shield, not a sword, and should not be applied as to make it an instrument of fraud or as an imposition upon creditors.[19]  The Florida Supreme Court in a case where the land was owned by tenants in common following a divorce stated that, although the purpose of the homestead exemption is to protect the family home from forced sale for the debts of the owner and head of the family, it had "never held that the homestead provision precludes a common owner of property from suing for partition and obtaining a forced sale in order to obtain the beneficial enjoyment of her interest in the property."[20] Further, "(h)omestead interests should be protected from forced sale whenever possible, but not at the expense of others owning interests in the property."[21]

In considering the residence limitation, although one Florida bankruptcy court has held that a debtor was entitled to a homestead exemption in the entire property, the majority of Florida bankruptcy courts have held such debtors were not entitled to the homestead exemption.  In finding the debtor entitled to the homestead exemption, the court noted that the debtor used only one side of a duplex as a residence and used the other side as rental

---

[18]*Orange Brevard Plumbing & Heating Company v. La Croix,* 137 So.2d 201, 203 (Fla.1962);  *Smith,* 42 Fla. at 41, 27 So. at 912.

[19]*Palm Beach Savings & Loan Association, F.S.A. v. Fishbein,* 619 So.2d 267 (Fla.1993);  *Orange Brevard Plumbing & Heating Company,* 137 So.2d at 203;  *Hillsborough Inv. Co. v. Wilcox,* 152 Fla. 889, 891, 13 So.2d 448, 450 (1943).

[20]*Tullis v. Tullis,* 360 So.2d 375, 377 (Fla.1978).

[21]*Id.,* 360 So.2d at 378.

property, but utilized a new divisibility test which considered whether the property was divisible and lawfully conveyable.[22] The court found that the debtor was entitled to the exemption because, although the property was divisible, portions were not salable under the existing zoning laws.[23] Other Florida bankruptcy courts have denied exemptions to debtors where the debtors used a building on the property in which they claimed homestead exemption as both their residence and as rental property, reasoning that "the mere fact that the claimant occupies part of the property as a residence is not enough to entitle him to an exemption in the whole."[24]

The majority of Florida bankruptcy courts that have denied a homestead in the entire property have ruled that where the property is not divisible, the trustee could sell the property and the court would apportion the proceeds.[25] In *In re Baxt,* the court held that because the Florida homestead exemption is for "one-half acre," not "one-half acre if you live in Parkland (where the property is not divisible)," allowance of a homestead exemption on a 2.5 acre in a municipality would be a contravention of the divisibility test.[26]

---

[22]*In re Kuver,* 70 B.R. 190, 192-913 (Bank.S.D.Fla.1986); *In re Makarewicz,* 126 B.R. 127, 128 (Bank.S.D.Fla.1991).

[23]*In re Kuver,* 70 B.R. at 192.

[24]*In re Aliotta,* 68 B.R. 281, 282 (Bankr.M.D.Fla.1986); *In re Rodriguez,* 55 B.R. 519 (Bankr.S.D.Fla.1985).

[25]*In re Wierschem,* 152 B.R. 345, 347 (Bankr.M.D.Fla.1993) (holding that rural property that exceeded the residency limitation was subject to the same administration as *In re Englander,* 156 B.R. 862 (Bankr.M.D.Fla.1992)); *In re Baxt,* 188 B.R. 322, 323-324 (Bankr.S.D.Fla.1995) (finding appropriate the sale of an urban indivisible 2.5 acre lot, and apportionment of the proceeds).

[26]188 B.R. at 323-324.

Florida courts have extended the homestead exception to include the proceeds of a voluntary sale when it is intended in good faith that such proceeds are to be reinvested in a new homestead and only as to the amount of the proceeds which are intended to be reinvested in another homestead.[27]

Bankruptcy courts in other states have similarly ordered the sale and apportionment of proceeds. In *In re Evans,* the Vermont bankruptcy court found the sale and apportionment of the proceeds "an equitable solution of the existing problem" to a homestead exemption claim where the property exceeded the state's $30,000 limitation on a homestead. [28] The Eighth Circuit affirmed a bankruptcy court's order of the sale of a property and apportionment of the proceeds in a situation where the property exceeded the state homestead limitation on area, finding that the apportionment allowed an appropriate recognition of the debtor's homestead exemption and yet afforded the creditors some satisfaction of their rightful claims.[29]

CONCLUSION

Here, the debtors' claimed homestead property exceeds the limitation on area set by the Florida constitution and is indivisible. A sale and apportionment of the proceeds is an equitable solution, allows for an appropriate recognition of the debtors' homestead exemption, and will afford the creditors some

---

[27]*Orange Brevard Plumbing & Heating Company,* 137 So.2d at 206.

[28]51 B.R. 47, 50 (Bankr.D.Vt.1985).

[29]*O'Brien v. Heggen,* 705 F.2d 1001, 1004 (8th Cir.1983).

satisfaction of their rightful claims.  Therefore, the judgment of the district court is AFFIRMED.