**In re Carl Gene COIN and Elizabeth Ann Coin, Debtors.**

Bankruptcy No. 99–14291–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Sept. 24, 1999.

Stacy H. Bressler, Genovese Lichman Joblove & Battista, P.A., Miami, Florida, for the trustee James S. Feltman.

Kathe Kozlowski, Kathe Kozlowski, P.A., Boynton Beach, FL, for the debtors, Dr. and Mrs. Coin.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

A. JAY CRISTOL, Chief Judge.

THIS CAUSE came before the Court upon James S. Feltman's, the Chapter 7 Trustee (the "Trustee"), Objection to Debtors Claimed Exemption of Homestead and personal property filed on August 2, 1999 and heard by this Court on August 31, 1999. Carl Gene Coin and Elizabeth Ann Coin have listed and claimed as exempt five contiguous lots and a house, outside of a municipality in Monroe County, Florida and certain personal property. The facts concerning the real property of the Debtors is undisputed. At the hearing, the Trustee withdrew his objection to certain household goods and furnishings. For the reasons stated below, the Court finds that the five lots and house are part of the homestead property. Therefore the Trustee's objection is overruled.

### FACTUAL BACKGROUND

Carl Gene Coin and Elizabeth Ann Coin (the "Debtors") purchased their house and lots 5, 6, 7, 8 and 9 on December 20th, 1985 all in the same purchase transaction. Their house is situated on Lot 7, with lots 5, 6, 8 and 9 being used as their driveway and front lawn. All the lots are contiguous. The Debtors have never used lots 5, 6, 8 and 9 for any purpose other than for their personal household use.

In 1993, the Debtors asked the Monroe County Property Tax Assessors Office to tax each lot individually with the Debtors claiming their homestead tax exemption only on Lot 7, the site of their residence. The instructions to the property tax assessors office for separate tax bills for each

lot in no way diminished the Debtors' treatment and use of their property for homstead purposes.

On May 5th, 1999 the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The scheduled lots 5, 6, 7, 8 and 9 and their house as exempt homestead pursuant to Article X, § 4(a)(1) of the Florida Constitution.

### LEGAL DISCUSSION

■ The issue before the Court is whether the Debtors can claim lots 5, 6, 8 and 9 as part of the exempt homestead. Article X, § 4 of the Florida Constitution controls this issue and provides in pertinent part as follows:

§ 4   Homestead-exemptions

(a) There shall be exempt ... the following property owed by a natural person:

(1) a homestead, is located outside a municipality to the extent of one hundred sixty acres of contiguous land and improvements thereon ... or if located within a municipality, to the extent of one-half acre of contiguous land upon which the exemption shall be limited to the residence of the owner or his family

The Trustee contends that Lots 5, 6, 8 and 9, though contiguous, are not part of the homestead exempt property because the Debtor took some affirmative steps in 1993 to have each lot individually taxed and only claimed the homestead exemption status on Lot 7 upon which is situated the residence. He argues that the lots are legally divisible and as the Debtors do not reside on the entire property (all five lots) that they are therefore not entitled to claim four of the five lots as exempt pursuant to the Florida Constitution.

The Trustee relies primarily on *In re Boucher,* 8 B.R. 713 (Bankr.M.D.Fla.1981) for the proposition that because the Debtor took affirmative steps to have each of the five lots taxed individually, and only claimed a homestead exemption on the lot with the house situated on it, that this action constituted an intent by the Debtor to reduce his homestead property. The Trustee also cites to *In re Makarewicz,* 130 B.R. 620 (Bankr.S.D.Fla.1991). In *Makarewicz* this Court discussed the criteria for divisibility of property to resolve whether property may in its entirety be claimed as homestead. The court concluded it should include not only whether the unit or parcel is susceptible to division by perpendicular and/or horizontal lines, but also whether such unit or parcel is lawfully conveyable as an independent parcel under existing law. In the instant case, the Trustee maintains that because the lots are individually zoned and taxed, that these lots are divisible for sale purposes.

■ The Debtor cites to the case of *In re Dudeney,* 159 B.R. 1003 (Bankr.S.D.Fla. 1993) where Debtors claimed as their homestead, pursuant to Article X § 4, two contiguous lots, one vacant and one which was the site of the Debtors' home. These lots were acquired in separate property transactions, were assessed separately for property tax purposes and were independent lots under local zoning laws and did not exceed the maximum acreage requirements of the Florida homestead provisions. The Court in its opinion stated that "the divisibility of the lots for zoning purposes and taxing purposes does not defeat the homestead claim" at 1004. The Court looked primarily to the use of the lots by the Debtors to be determinative of its exempt status. The Dudenys' and Debtors in the case before this Court each used their lots primarily for the benefit and use by the family. *See also In re Ripp,* 176 B.R. 972 (Bankr.M.D.Fla.1994).

### CONCLUSION

It is the Court's opinion that the filing of a homestead exemption for property tax purposes has nothing to do with the homestead exemption under Article X § 4. Un-

der the facts of this case as presented, the Trustee's objection is overruled.