**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11215

Non-Argument Calendar

_____

In re: MICRON DEVICES, INC.,

*Debtor.*

_____

LAURA PERRYMAN,

*Plaintiff-Appellant,*

*versus*

TAREK KIEM,
KENNEDY LEWIS INVESTMENT MANAGEMENT LLC,

*Defendants-Appellees,*

KL ACQUISITION CORPORATION,

*Defendant,*

MARCIA T. DUNN,

*Interested Party-Appellee.*

―――――――――――――

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-24100-DPG

―――――――――――――

Before ROSENBAUM, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Laura Perryman appeals the district court's order affirming the bankruptcy court's grant of monetary sanctions against her. The bankruptcy court sanctioned Perryman (who represented herself below) under 28 U.S.C. section 1927 after she made several frivolous filings. On appeal, Perryman argues that section 1927 does not apply to non-attorney pro se litigants. We agree. Thus, we vacate the monetary sanctions and remand for further proceedings.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Laura Perryman was the co-founder and majority shareholder of Micron Devices, LLC. In 2020, Micron filed a voluntary petition for bankruptcy under chapter 11, subchapter V, of the bankruptcy code. Perryman signed the petition on behalf of Micron. A few months into the bankruptcy proceeding, the bankruptcy court entered a show cause order as to why Micron should not be removed as the debtor in possession. The bankruptcy court noted that there were "serious concerns regarding the corporate governance of the [d]ebtor, . . . disputes as to who [was] in charge of the [d]ebtor," and "concerns regarding alleged interference by the co-founder/majority shareholder . . . [and] about the majority shareholder taking action ultra vires." After a hearing, the

bankruptcy court removed Micron as the debtor in possession and expanded the powers of Tarek Kiem, the bankruptcy trustee.

The bankruptcy trustee negotiated a settlement agreement with Micron's creditors, Kennedy Lewis Investment Management and Stimwave Technologies, Inc. After a two-day evidentiary hearing, the bankruptcy court approved the settlement agreement. The bankruptcy trustee then filed a motion for sanctions under section 1927 against Perryman. Kennedy joined the motion. The trustee alleged that Perryman had made "numerous[] frivolous filings" in the bankruptcy proceeding and "unnecessarily caused [the] estate to incur substantial administrative professional fees." Perryman—who is not an attorney—filed a pro se response to the sanctions motion. The bankruptcy court held a hearing on the motion, in which it encouraged Perryman to obtain counsel and offered her a second chance to file a response "that makes sense because the response [she] filed ma[de] no sense whatsoever." Instead, Perryman filed a second pro se response.

The bankruptcy court granted the sanctions motion. It found that—despite numerous warnings—Perryman made thirteen filings that "were frivolous, untimely, asserted facts not before the [c]ourt, attempted to relitigate issues already decided, and/or improperly sought relief on behalf of third parties." The bankruptcy court determined that Perryman had acted in bad faith, and imposed monetary sanctions under section 1927 for the "excess costs, expenses, and attorney['s] fees reasonably incurred" because of her conduct. The bankruptcy court ordered Perryman to pay

$5,165 to Kennedy and $3,990 to the debtor's estate.[1]  The bankruptcy court also ordered Perryman to seek leave before filing any more pro se motions.

Perryman appealed the bankruptcy court's sanctions order to the district court.  She argued that the bankruptcy court erred by (1) finding that she had acted in bad faith, (2) awarding section 1927 sanctions against her as a non-attorney pro se litigant, and (3) imposing the filing restriction.  The district court affirmed the bankruptcy court's order.  It concluded that the bankruptcy court did not err in its determination of bad faith or its imposition of the filing restriction.  And the district court ruled that the bankruptcy court did not err by imposing section 1927 sanctions on Perryman.  Perryman timely appealed.

## STANDARD OF REVIEW

When a district court affirms the order of a bankruptcy court, we independently review the bankruptcy court's order using the same standards of review as the district court.  *L. Sols. of Chicago LLC v. Corbett*, 971 F.3d 1299, 1304 (11th Cir. 2020).  "We review the [b]ankruptcy [c]ourt's factual findings for clear error and its legal conclusions de novo."  *Id.*  Neither we, nor the district court, may make independent factual findings.  *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996).

---

[1] These amounts were based on the trustee's and Kennedy's itemization of their fees and costs related to Perryman's conduct.  The bankruptcy court reduced Kennedy's request from $8,240 to $5,165.

We review a bankruptcy court's decision to impose sanctions for abuse of discretion. *Corbett*, 971 F.3d at 1304. "Such an abuse can occur only when the bankruptcy judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

Perryman limits her appeal to the bankruptcy court's imposition of monetary sanctions under section 1927. She argues that the bankruptcy court erred in its determination that she acted in bad faith and that, in any event, non-attorney pro se litigants cannot be sanctioned under section 1927. Because we agree with Perryman's second argument, we do not address the first one.

Section 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. We begin our analysis of section 1927 with its text. *See In re Piazza*, 719 F.3d 1253, 1261 (11th Cir. 2013).

"In the absence of a statutory definition, we interpret phrases in accordance with their ordinary meaning" at the time Congress passed the statute. *Id.*; *Wisconsin Cent. Ltd v. United States*, 585 U.S. 274, 277 (2018). Congress amended section 1927 to its current form in 1980.

At the time section 1927 was amended, the ordinary meaning of "admitted" in this context was to be "received into an office or relation, instituted." *See Admitted*, 2 *Oxford English Dictionary* 167 (2d ed. 1989).  This "suggests application" of section 1927 only "to those who, like attorneys, gain approval to appear in a lawyerlike capacity." *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992); *see also Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (reversing a district court's grant of fees against a non-attorney because "[u]nder [section] 1927, expenses, costs, and attorneys' fees may only be awarded against attorneys or those admitted to practice before the court").

This reading is consistent with the Supreme Court's decision in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).  There, the Court referenced the district court's conclusion that section 1927 "applies only to attorneys" while discussing the applicability of section 1927, *id.* at 41, and it did not dispute the district court's conclusion. *Id.* at 41–58.  While not decisive, the fact that the Supreme Court did not correct the district court's statement of the law suggests that it viewed section 1927 as exclusively applicable to attorneys—those "admitted" to practice law. *See Sassower*, 973 F.2d at 80 (reading the reference in *Chambers* as approving of the view that section 1927 only applies to attorneys).

Perryman did not gain approval to appear in the bankruptcy court in any capacity.  While she had a right to represent herself pro se, she was not "admitted to conduct cases in any court." *See*

*id.*; 28 U.S.C. § 1927; 28 U.S.C. § 1654.  So section 1927 could not have applied to her.

Kennedy argues that we need not reach this question because the bankruptcy court could have relied on its inherent authority to impose the monetary sanctions.  That may well be the case—but the bankruptcy court's order makes clear that it did not rely on its inherent authority to impose the monetary sanctions.  Rather, the bankruptcy court exclusively grounded its award of monetary sanctions on section 1927.  Because section 1927 cannot support sanctions against a non-attorney pro se litigant, the bankruptcy court abused its discretion.  We vacate the monetary sanctions and remand for further proceedings.  Of course, nothing prevents the bankruptcy court from imposing monetary sanctions based on its inherent authority on remand.

**VACATED AND REMANDED.**