In re Emil K. SCHANDL, Debtor.

Emil K. SCHANDL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 96–6431–Civ–ARONOVITZ.
Bankruptcy No. 95–24171–BKC–PGH.
Adversary No. 95–1475–BKC–PGH–A.

United States District Court,
S.D. Florida.

Jan. 15, 1997.

Emil K. Schandl, Dania, FL, Pro Se.

Mark Stier, U.S. Dept. of Justice, Tax Division, Washington, DC, for Appellee.

***ORDER REMANDING, IN PART, BANKRUPTCY COURT'S ORDER TO DETERMINE DISCHARGEABILITY OF INCOME TAXES***

NESBITT, District Judge.

THIS CAUSE came before the Court upon the appeal filed by the debtor, Emil K.

Schandl, asserting that the bankruptcy court erred in its Order Determining Dischargeability of Income Taxes, entered on April 9, 1996. The Court has reviewed the briefs and the record in this Cause, and has determined, pursuant to Fed.R.Bankr.P. 8012, that oral argument on appeal is not needed.

The appeal arises from the adversary proceeding filed by Schandl to determine the dischargeability of income tax liabilities for the years 1981–1985, 1990 and 1991. The issues concern double jeopardy and the dischargeability of tax fraud penalties, with respect to the bankruptcy court's ruling that the debtor's 1981–1985 income tax liabilities are nondischargeable under 11 U.S.C. § 523(a)(1)(C).

The factual findings of the bankruptcy court are not disputed. The issues of law are considered by this Court *de novo. See In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996); *In re Goerg*, 930 F.2d 1563, 1566 (11th Cir.1991).

The bankruptcy court's additional rulings in the April 9, 1996 Order, that Schandl's 1990 tax liability is dischargeable under 11 U.S.C. § 523(a)(1)(A), and the 1991 liability is nondischargeable under 11 U.S.C. § 523(a)(1)(B), are not appealed.

### FACTUAL BACKGROUND

On February 11, 1990, Appellant, Emil Schandl, was convicted of willful failure to file a tax return for the year 1981, under Section 7203 of the Internal Revenue Code, and willfully attempting to evade or defeat taxes for each of the years 1982–1985, under Section 7201. Upon Schandl's conviction, criminal penalties were imposed. On October 23, 1995, Schandl filed a Chapter 7 bankruptcy petition, and later filed an adversary proceeding to determine dischargeability of his income tax liabilities.

### DISCUSSION

The debtor contends that the bankruptcy court erred on grounds of double jeopardy in finding his obligation to the government to be nondischargeable with respect to the civil tax penalties for fraud for the same years, 1981–1985, and the same conduct for which criminal fraud penalties had been imposed. Appellant's argument concerning multiple punishments for the same offense refers to both the criminal fraud and civil fraud penalties as "punishment".

■ The Court finds the government's argument persuasive that the civil tax fraud penalty in this case is not punishment, based on *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938) (sanction for fraud is a remedial measure), and distinguishing *United States v. Halper*, 490 U.S. 435, 442–45, 109 S.Ct. 1892, 1898–1900, 104 L.Ed.2d 487 (1989) (sanction is punishment when overwhelmingly disproportionate).

■ Appellant also argues that the penalty for tax fraud is nonpecuniary, and thus dischargeable, because it is imposed for the purpose of punishment, not to compensate for any loss. From this reasoning, Schandl reasserts the double jeopardy argument.

The government argues that the language in the Legislative History to 11 U.S.C. § 523(a)(7), clarifying the treatment of punitive tax penalties, which Appellant relies upon, does not provide a basis to discharge the tax penalty on double jeopardy grounds. The Court agrees with the government's position on this issue.

As the final issue, Schandl argues that the fraud penalties for 1981–1985 relate to taxes that are over three years old, and, therefore, the fraud penalty is dischargeable even if the underlying tax is not dischargeable. This argument, based on the relevant three-year period prior to the filing of the bankruptcy petition, requires the application of Section 523(a)(7) to the facts. *See In re Burns*, 887 F.2d 1541 (11th Cir.1989).

The relevant provision, 11 U.S.C. § 523(a)(7)(B), provides, in part, that:

A discharge under section 727 ... does not discharge an individual debtor from any debt—to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a **tax penalty—imposed with respect to a transaction or event that occurred before three years before the**

**date of the filing of the petition.** (Emphasis added).

■ The government does not address the merits of this issue, but, rather, asserts the procedural issue that Appellant's argument is raised for the first time on appeal. The government has not presented its position on either the three-year time period for Schandl's fraud, which appears to be a self-evident fact, or the application of Section 523(a)(7)(B). It asserts as the basis for the Court to deny consideration that the issue under Section 523(a)(7)(B) was not briefed by the debtor in his motion for summary judgment, nor argued at trial. *See United States v. Southern Fabricating Co., Inc.,* 764 F.2d 780, 781–82 (11th Cir.1985). The government argues that this issue has been abandoned by Appellant. *See Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1030–31 (5th Cir. Unit B 1982). The government has neither addressed nor disputed the legal issue concerning Section 523(a)(7)(B) on the merits, nor does it address the "plain error" exception as it pertains to consideration of the issue. *Id.* at 1031.

The record shows that in Schandl's *pro se* complaint and the Pretrial Order of the bankruptcy court, the issue concerning the debtor's tax liabilities for the years 1981–1985 was framed pursuant to Section 523(a)(1). Reference was also made to the dischargeability of the taxes in relation to the period of three years before the date of the filing of the petition.

■ The Court notes that it may exercise its discretion to consider the issue for the first time on appeal, if the issue is a purely legal one, and the asserted error is so obvious that the failure to consider it would result in a miscarriage of justice. *Id. See also In re Bergstrom,* 949 F.2d 341 (10th Cir.1991). A factor in this consideration is that the harsh result of applying the principle of abandonment to Appellant, who appears *pro se* before this Court and the bankruptcy court, would be inconsistent with the doctrine of leniency regarding pleadings of *pro se* litigants. *See Didie v. Howes,* 988 F.2d 1097, 1105 (11th Cir.1993) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972)).

For the foregoing reasons, to avoid the miscarriage of justice of depriving the *pro se* debtor of the full benefit of asserting his rights under Section 523(a)(7)(B), the issue of whether Schandl's tax fraud penalties for the years 1981–1985 are dischargeable should be first considered by the bankruptcy court on Remand. Accordingly, it is

**ORDERED AND ADJUDGED** that this matter concerning the dischargeability of the civil tax fraud penalties imposed upon the debtor for the years 1981–1985, is hereby **REMANDED** for further consideration by the bankruptcy court, pursuant to 11 U.S.C. § 523(a)(7)(B). The Order to Determine Dischargeability of Income Taxes, entered on April 9, 1996, pertaining to the debtor's taxes for the years 1990 and 1991 shall stand as a final order of the bankruptcy court.